JAMES G. RICE, Oregon State Bar ID Number 82488
Deputy City Attorney
jrice@ci.portland.or.us
DAVID A. LANDRUM, OSB #95542
Deputy City Attorney
dlandrum@ci.portland.or.us
Office of City Attorney
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Of Attorneys for Defendants Humphreys, Nice and the City of Portland
and Tri-County Metropolitan Transportation District of Oregon

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **JAMES P. CHASSE, JR., et al.**, | CV-07-0189 HU |
| **PLAINTIFFS,** | |
| v. | CITY DEFENDANTS' MEMORANDUM OF LAW |
| **CHRISTOPHER HUMPHREYS, et al.,** | (In support of Motion for Summary Judgment on Plaintiffs' Claim for Injunctive Relief and Motion to Dismiss the Portland Police Bureau from this Action) |
| **DEFENDANTS.** | |

## I.   Introduction

On September 17, 2006, James P. Chasse died shortly after being taken into custody by two law enforcement officers. Plaintiffs filed the instant suit, alleging violations of Chasse's Constitutional rights, and various other federal, state and local laws during his arrest and up to the time of his death. The Tenth Claim of plaintiffs' Complaint seeks injunctive relief; however, plaintiffs request that the City of Portland and its employees and officials take voluntary steps to comply with the Fourth Amendment. In the alternative, depending on the response to plaintiffs'

Page 1 –   CITY DEFENDANTS' MEMORANDUM OF LAW

request for voluntary steps and other information that is learned during the course of this litigation, plaintiffs will seek injunctive relief.

Defendants Humphreys, Nice, Portland Police Bureau, City of Portland, and Portland John and Jane Doe Officials seek summary judgment on plaintiffs' claim for injunctive relief on the grounds that plaintiffs' fail to state a claim for injunctive relief and that principles of federalism dictate that the injunctive relief requested is not appropriate.

**II.    Standard of Review**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must show an absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and designate specific facts showing a "genuine issue for trial." See id. at 324, citing Fed. R. Civ. P. 56(e). The court does not "weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." See Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir. 1999)(internal citations omitted). A "'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative'" fails to show a genuine issue of material fact. See United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989)(emphasis in original)(internal citations omitted). No genuine issue of fact exists if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355 (1986); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989). The substantive law governing a claim determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

**III.   Facts**

On September 17, 2006, James P. Chasse Jr. was arrested following a brief struggle with three law enforcement officers. Shortly after being taken into custody, while officers were

Page  2  –    CITY DEFENDANTS' MEMORANDUM OF LAW

transporting him to a hospital, Chasse died of internal injuries. Plaintiffs filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of Chasse's Fourth and Fourteenth Amendment rights during his arrest and up to the time of his death. Plaintiffs also allege other violations of federal, state, and local law. (SOF ¶¶ 1-2.)

Plaintiffs' Tenth Claim seeks injunctive relief pursuant to § 1983. Plaintiffs request that the City of Portland "take immediate, voluntary steps" to comply with the Fourth Amendment. Specifically, plaintiffs' request that the City take the following "voluntary steps"

    a.    Portland and its officials shall implement and operate an effective early warning or intervention system to identify and take necessary and appropriate action with respect to Portland Police Officers and take necessary and appropriate action with respect to Portland police officers with high use of force rates to prevent those officers from engaging in or allowing unlawful and unconstitutional conduct.

    b.    Portland and its officials shall implement and operate a thorough, independent, and effective review system to investigate deaths of citizens caused by the police use of physical force and all in-custody deaths.

    c.    Portland and its officials shall change and/or supplement any Portland Police Bureau written policy, official practice, or training it gives to its officers, to ensure that those living with mental illness, and others who are perceived by defendants to be mentally ill, are treated fairly and with respect and are not discriminated against because they are mentally ill or are perceived by defendants to be mentally ill.

    d.    Portland and its officials shall change the Portland Police Bureau's current, written "foot pursuit" policy which allows, encourages, and directs Portland police officers to take innocent citizens to the ground during foot pursuits, even though the officers do not have reasonable suspicion or probable cause to believe that someone poses an immediate risk of death or serious bodily injury to some other person. The new written policy should prohibit Portland police officers from taking innocent citizens to the ground during a foot pursuit unless the officers have probable cause to believe that someone poses an immediate risk of death or serious bodily injury to some other person.

    e.    Portland and its officials shall change the Portland Police Bureau's current, written policy which does not include as deadly physical force the use of hands and feet to make or cause impact strikes to the head and other vital areas such as the chest and back. The new written policy should prohibit Portland police officers

Page 3 –    CITY DEFENDANTS' MEMORANDUM OF LAW

> from using their hands and feet to make impact strikes to a person's head and other vital areas such as the chest, ribs, or back unless the officers have probable cause to believe the person poses an immediate risk of death or serious bodily injury to some other person.
>
> f.    Portland and its officials shall change their current, written policy which allows, encourages, and directs its police officers to use deadly physical force when their police officers have only reasonable suspicion to believe that someone poses an immediate risk of death or serious bodily injury to some other person. The new written policy should prohibit Portland police officers from using deadly physical force unless the officers have probable cause to believe that someone poses an immediate risk of death or serious bodily injury to some other person.

(Complaint § XIV ¶ 133.) In the alternative, depending on the City's response to plaintiffs' requested voluntary steps and other information that is learned during the course of this litigation, plaintiffs will seek injunctive relief from this Court. (Complaint § XIV ¶ 134.)

## IV.    Discussion

City Defendants move for summary judgment on plaintiffs' claim for injunctive relief because plaintiff cannot establish that they are entitled to injunctive relief. Plaintiffs' claim for injunctive relief requests that the City of Portland take several voluntary steps to comply with the Fourth Amendment. Depending on what voluntary steps the City of Portland takes and depending on information learned during the course of this litigation, plaintiffs will ask this Court to issue an injunction ordering the City of Portland to make "necessary changes" to prevent further constitutional rights violations. (Complaint § XIV ¶ 133.)

Plaintiffs have not presented and cannot present a justiciable case or controversy and lack standing to seek injunctive relief. City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Rizzo v. Goode, 423 U.S. 362 (1976); Hodgers-Durgin v. De la Vina, 199 F.3d 1037, 1042-43 (9th Cir. 1999).

### A.    There is No Justiciable Case or Controversy upon which to Grant Injunctive Relief

To invoke this Court's jurisdiction, plaintiffs must allege an actual case or controversy. U.S. CONST. art. III § 2; see also, Lyons, 461. U.S. at 101. A justiciable controversy is definite,

Page 4 –    CITY DEFENDANTS' MEMORANDUM OF LAW

concrete, real, and substantial; it is subject to specific relief. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937). With respect to plaintiffs' prayer for injunctive relief which "request[s] that Portland and its respective employees and officials take immediate, voluntary, steps…" to comply with the Fourth Amendment, plaintiffs have failed to allege a justiciable controversy; therefore they have no standing to seek injunctive relief. Plaintiffs' request that the City of Portland take voluntary action is not a request for relief from this court. Haworth, 300 U.S. at 240-41. Accordingly, defendants are entitled to summary judgment on plaintiffs' request for injunctive relief in ¶ 133 of their Complaint.

In ¶ 134 of their Complaint, plaintiffs assert that "depending upon the response to plaintiffs' requests, described in ¶ 133 above, and other information that is learned during the course of this litigation, plaintiffs will seek injunctive relief." (Complaint ¶ 134.) In other words, plaintiffs are not asking this Court for injunctive relief now, but have simply notified this court and defendants that plaintiffs may ask for such relief at some unspecified time in the future. Speculation of future relief which plaintiffs may or may not seek is insufficient to establish the existence of a live, present controversy. Ashcroft v. Mattis, 431 U.S. 171, 172-73 (1977). This Court should grant summary judgment in favor of City defendants on plaintiffs' request for injunctive relief in ¶ 134 of their Complaint.

Even assuming arguendo that plaintiffs' Complaint had requested injunctive relief from this court, defendants would still be entitled to summary judgment because plaintiffs have no standing to seek injunctive relief. A plaintiff must demonstrate a "personal stake in the outcome" in order to "assure that concrete adverseness which sharpens the presentation of issues" necessary for the proper resolution of constitutional questions. Baker v. Carr, 369 U.S. 186, 204 (1962). Abstract injury is not enough to confer standing; the plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of challenged official conduct and the injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical." Lyons, 461 U.S. at 1665. "Past exposure to illegal conduct does not in itself

Page 5 –   CITY DEFENDANTS' MEMORANDUM OF LAW

show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects." Id. (citing O'Shea v. Littleton, 414 U.S. 488 (1974).

In O'Shea, the Supreme Court recognized that past wrongs were evidence bearing on "whether there is a real and immediate threat of repeated injury;" however, the prospect of future injury rested "on the likelihood that [plaintiffs] will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial or sentencing before [defendant officials]." O'Shea, 414 U.S. at 496. In other words, future threat of injury to plaintiffs was based on speculation. Speculation of a future harm does nothing to establish a real and immediate threat. Ashcroft, 431 U.S. at 172-73.

As an initial matter, plaintiffs cannot demonstrate that Chasse is immediately in danger of sustaining some direct injury as the result of the Portland Police Bureau's policies and training on dealing with mentally ill citizens, definition of deadly force, or policies regarding foot pursuits or use of force because Chasse is deceased. Lyons, 461 U.S. at 1665, 1667; O'Shea, 414 U.S. at 495-96. Moreover, in order to establish an actual controversy, plaintiffs would have to not only allege that Chasse would have another encounter with the police, but also make the "incredible assertion" either: (1) all police officers in Portland always treat persons living with, or perceived to be living with, mental illness unfairly, pursue such persons by foot, and strike such persons in their chest or back or; (2) that the City ordered or authorized police officers to act in such a manner. Injunctive relief is only available if plaintiffs' can establish a real or immediate threat that plaintiff will be wronged again. Lyons, 461 U.S. at 1670. "The speculative nature of [plaintiffs'] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled." Id.

B.   Principles of Federalism Preclude Plaintiffs' Claim for Injunctive Relief

In their claim for injunctive relief, plaintiffs seek to impose standards for training and to impose policies regarding foot pursuit and use of force on the Portland Police Bureau. In short, plaintiffs seek to make changes to the Portland Police Bureau's Manual of Policy and Procedure.

Page 6 – CITY DEFENDANTS' MEMORANDUM OF LAW

The Supreme Court has been careful to recognize the limited role of federal courts in granting injunctive relief against other branches of government.  "Where as here, the exercise of authority by state officials is attacked, federal courts must be constantly mindful of the 'special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law.'"  Rizzo v. Goode, 423 U.S. 362, 378 (1976).  Political branches, not courts, shape the institutions of government so as to comply with the laws and the Constitution.  Lewis v. Casey, 518 U.S. 343, 349-50 (1996).  "[A]bsent a threat of immediate and irreparable harm, the federal courts should not enjoin a state to conduct its business in a particular way."  Hodgers-Durgin, 199 F.3d at 1042-43.  When there is no likelihood of future harm, there is no basis for a federal court granting injunctive relief to restructure a state or an agency's operations.  Id.

The Portland Police Bureau's Manual of Policy and Procedure was developed through a legislative process.  Principles of federalism require the Court to respect the Portland Police Bureau's legislative judgment.  Accordingly, the Court should dismiss plaintiffs' claim for injunctive relief.

    C.    <u>Dismissing the Complaint Against the Portland Police Bureau Because it is not a Proper Defendant</u>

Plaintiff has named the Portland Police Bureau as a defendant.  That entity is not amenable to suit and therefore is not a proper defendant.

The Portland Police Bureau should be dismissed as a defendant because it is not a "person" subject to liability under federal civil rights law.  This Court has previously addressed such an issue when it dismissed the Portland Police Bureau as an improper defendant.  See, e.g., Keller v. City of Portland, 1998 WL 1060222, USDC for District of Oregon, Civil No. CV 98-263-ST, Findings and Recommendations dated November 13, 1998, by United States Magistrate Judge Janice M. Stewart Docket No. 60, adopted by United States District Court, Judge Ancer L. Haggerty on February 12, 1999, Docket No. 64 (Portland Police Bureau is not a "person" subject

Page  7  –   CITY DEFENDANTS' MEMORANDUM OF LAW

to liability under federal civil rights laws); and see, Heinz v. Weinstein, Civil No. 95-262-JE, Findings and Recommendations dated August 10, 1995, Docket No. 16, adopted in part, reversed in part by Judge Frye on December 1, 1995, Docket No. 25 (same); Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985) (Denver Police Department not a proper defendant in a civil rights action); Timberlake v. Benton, 786 F. Supp. 676, 682-83 (M.D. Tenn. 1992); Stump v. Gates, 777 F. Supp. 808, 815 (D. Col. 1991) aff'd 986 F.2d 1429 (10th Cir. 1993); Eddy v. City of Miami, 715 F. Supp. 1553-56 (S.D. Fla. 1989) (Miami Police Department not a proper defendant in a civil rights action); Reese v. Chicago Police Department, 602 F. Supp. 441, 443 (N.D. Ill. 1984) (Chicago Police Department not a proper defendant in a civil rights action); and Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (Atlanta Police Department not a proper defendant in a civil rights action).

Plaintiffs' state law claims[1] against the Portland Police Bureau, must be dismissed as well. This district has held that, under Oregon law, the Portland Police Bureau is not a public body that can be sued under the Oregon Tort Claims Act, ORS 30.260, et seq. Keller v. City of Portland WL 1060222, *3 - 4.

Because the Portland Police Bureau is not a separate entity from the City of Portland itself, it is not amenable to suit. It is merely the vehicle through which the City fulfills its policing functions. Hence, the plaintiffs' federal and state law claims against the Portland Police Bureau should be dismissed.

**V.    Conclusion**

For the aforementioned reasons, this Court should:

(1)    Grant summary judgment in favor of City defendants on the Tenth Claim of plaintiffs' Complaint, which seeks injunctive relief and;

(2)    Grant City Defendants' motion to dismiss plaintiffs' federal and state law

---

[1] Plaintiffs' Eighth and Ninth Claims seek relief under state law against "defendant Portland," it is not clear whether "defendant Portland" includes the PPB.

Page  8  –    CITY DEFENDANTS' MEMORANDUM OF LAW

    claims against the Portland Police Bureau.

Dated this 10th day of March, 2008.

                                          Respectfully submitted,

                                            /s/ James G. Rice
                                        JAMES G. RICE, OSB #82488
                                        DAVID A. LANDRUM, OSB #95542
                                        Telephone: (503) 823-4047
                                        Deputy City Attorneys
                                        Of Attorneys for Defendants Humphreys, Nice,
                                        City of Portland and Tri-Met

Page 9 –   CITY DEFENDANTS' MEMORANDUM OF LAW