IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES P. CHASSE, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. CV-07-189-HU |
| v. ) | |
| ) | |
| CHRISTOPHER HUMPHREYS, et al.,) | AMENDED ORDER |
| ) | |
| Defendants. ) | |

HUBEL, Magistrate Judge:

On March 14, 2008, I heard argument on Plaintiffs' Third Motion to Compel against the City Defendants (#227), Plaintiffs' Fourth Motion to Compel against the City Defendants (#235), Plaintiffs' Fifth Motion to Compel Against the City Defendants (#239), Plaintiffs' Second Motion to Compel Against the County Defendants (#253), Plaintiffs' Second Motion to Compel against AMR (#247), and AMR's Motion for Protective Order (#257).

I ruled from the bench on most of the issues raised in the motions, and took a handful of them under advisement. See Record of Oral Argument (dkt #276). This Order contains my rulings on the issues taken under advisement.

1 - AMENDED ORDER

I.  Plaintiffs' Third Motion to Compel - City Defendants

Plaintiffs seek documents regarding the income and assets of individual defendants Humphreys and Nice. Some of plaintiffs' claims allow them to seek punitive damages from these individual defendants. I acknowledge that income and asset information may be relevant to a jury's determination of the appropriate amount of punitive damages in any given case.

The City defendants oppose the request because they will indemnify the individual defendants and thus, contend that the income and asset information for the individual defendants is immaterial.

In this case, the parties have not consented to trial by a Magistrate Judge. Thus, I make no decision as to what information or documents regarding the individual defendants' assets and income, or regarding the presence of an indemnification agreement, may be admissible at trial. At this point in time, I conclude that some information regarding the individual defendants' income and assets is discoverable, although this is not determinative of the information's admission at trial.

I order that Humphreys and Nice each prepare a simple statement of net worth, under oath, to be produced to plaintiffs. Each individual defendant's statement is to be produced subject to the Amended Protective Order in place in this case, with the added protection of Attorney's Eyes Only. Finally, plaintiffs' alternative motion in limine is reserved for the trial judge.

II. Plaintiffs' Fourth Motion to Compel - City Defendants

A.  Use of Force & Related Underlying Documents

Plaintiffs request the use of force reports, and related

2 - AMENDED ORDER

underlying documents, for Humphreys and Nice for the time period after September 17, 2006. In my October 16, 2006 Order regarding plaintiffs' earlier motions to compel, I ordered the City defendants to produce all "Use of Force" reports regarding Humphreys. I further ordered the City defendants to produce all police reports related to any tort claim notices, citizen complaints, or use of force reports which involved Humphreys.

The City defendants have failed to comply with this Order and now contend that all of the use of force and related documents, for either Humphreys or Nice, dated September 17, 2006 or later, are irrelevant. I find that the relevance of the documents for the time period after September 17, 2006, is questionable. However, as doubtful as the relevance might be for admission at trial, I order the production of the documents at issue in this motion for both Humphreys and Nice because of the slight possibility that they might lead to the discovery of admissible evidence related to plaintiffs' <u>Monell</u> claims.

    B.   Electronic Communications

The parties are continuing to confer on plaintiffs' motion regarding electronic communications by Humphreys, Nice, and Burton, for the corrected time period of September 16, 2006, to October 31, 2006.

III.   Plaintiffs' Fifth Motion to Compel - City Defendants

    A.   Use of Force Reports & Related Underlying Documents

This request is for the use of force reports and underlying documents of the "top twenty" officers (excluding Humphreys for whom these documents have been, or will be, produced), on a list of officers with the greatest number of use of force reports, and

3 - AMENDED ORDER

additional officers from the Transit Division noted in the motion and accompanying filings.

I deny the motion. The value that these documents may have in leading to the discovery of admissible evidence is small. The City indicates that the burden of production is great, with the number of reports totaling somewhere between approximately 1200 and 2100. I conclude that the burden and expense of production outweighs the potential use and relevance of these documents.

B.   Person and History Reports

Plaintiffs seek the "Person Reports" and "History Reports" for each of the officers for whom they seek use of force reports in the preceding request. For the reasons discussed in the previous paragraph, I deny the request.

IV.   Plaintiffs' Motion to Compel - County Defendants

This motion seeks the income and asset documents of individual defendant Burton. For the reasons discussed above, I grant the motion in part and order Burton to prepare, under oath, a simple statement of net worth to produce to plaintiffs. It is subject to the Amended Protective Order, with the added condition of Attorney's Eyes Only. Plaintiffs' alternative motion in limine is reserved for the trial judge.

IT IS SO ORDERED.

Dated this _____ day of _____, 2008.

_____
Dennis James Hubel
United States Magistrate Judge

4 - AMENDED ORDER