IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES P. CHASSE, JR., et al., )
                              )
              Plaintiffs,     )
                              )    No.  CV-07-189-HU
     v.                       )
                              )
CHRISTOPHER HUMPHREYS, et al.,)    ORDER
                              )
              Defendants.     )
_____)

HUBEL, Magistrate Judge:

    On April 25, 2008, I heard argument on Plaintiffs' Sixth and Seventh Motions to Compel against the City Defendants (#272, #277). I ruled from the bench on many of the issues raised in the motions, and took other issues under advisement. See Minutes of Proceedings (dkt #319).

    Some of the discovery in dispute in the motions to compel is relevant solely to plaintiffs' Monell claims. Because a motion to bifurcate the Monell claims is pending before Judge King, I took the issues related to that discovery under advisement. Other issues taken under advisement at the April 25, 2008 hearing were

1 - ORDER

not related solely to Monell claims but nonetheless, no ruling on them was made at the hearing. This Order contains my rulings on this second group of issues taken under advisement on April 25, 2008. Because Judge King has not yet decided the bifurcation motion, this Order does not resolve the issues taken under advisement pending such determination.

I.  Plaintiffs' Sixth Motion to Compel against the City Defendants

    A.  LEDS Information

Plaintiffs seek certain information regarding requests made to the "Law Enforcement Data System" or LEDS, for information concerning Chasse, on September 17, 2006. Plaintiffs seek documents identifying who requested the access to the LEDS information, the operator who accessed the information, the location of the terminal from which the access was sought, and the information received in return from LEDS. Exh. A to Steenson Mar. 12, 2008 Declr. (RFP #137).

In the written briefing and at oral argument, the City defendants explained that a contract with the State of Oregon governs the City's use of LEDS, and that the City was likely unable to produce the requested information to plaintiffs without violating that contract. I asked both plaintiffs and the City defendants to inquire of the State about providing this information.

In response to this request, City defendants' counsel informed the Court via email on May 9, 2008, that his office had contacted the appropriate person at the Oregon State Police who in turn had sought advice from a State of Oregon Assistant Attorney General. The opinion of the Attorney General's Office is that the Oregon

2 - ORDER

State Police is unable to authorize any other agency that receives LEDS data to release it in any instance, including in civil litigation. Thus, he opined that the City could not release LEDS information, including any LEDS codes.

Based on the City's response regarding its contractual obligations, in reliance on the opinion of the Attorney General's office, I deny the motion to compel as to the LEDS information. I direct plaintiffs to obtain the information directly from the State of Oregon, via a subpoena if necessary.

B. Depositions of Portland Police Bureau (PPB) Personnel

Plaintiffs seek to depose PPB Public Information Officer Brian Schmautz and PPB Detective George Burke regarding an October 17, 2006 "Fact Sheet" the PPB published regarding the Chasse investigation. Apparently, Schmautz and Burke were involved in the preparation of the "Fact Sheet." Exh. C to Steenson's Mar. 12, 2008 Declr.

Plaintiffs contend that depositions of Schmautz and Burke are reasonably calculated to lead to the discovery of admissible evidence, quite possibly in the form of admissions against party opponents, regarding their roles in the publication of the "Fact Sheet," which plaintiffs state is inaccurate in several material respects. The City defendants respond that plaintiffs have not set forth what new information might be obtained by deposing Schmautz and Burke. They argue that these depositions would be duplicative of information already obtained through interrogatory responses.

I deny the motion to compel the depositions. First, approximately fifty-five depositions were scheduled for January through March 2008. Exh. A to Steenson Feb. 20, 2008 Declr.

3 - ORDER

1 (November 6, 2007 letter to Steenson from City defendants' counsel
2 confirming deposition schedule). Many of these witnesses are PPB
3 personnel. At the March 14, 2008 discovery hearing, I also allowed
4 depositions of additional AMR witnesses. Thus, plaintiffs have
5 already taken an overwhelming number of depositions in the case.

6 Second, it is obvious from the November 6, 2007 letter to
7 Steenson outlining the deposition schedule, that plaintiffs have
8 taken depositions of witnesses covering a wide-range of issues.
9 Thus, to date, discovery has been quite broad.

10 Third, plaintiffs concede that these witnesses are not fact
11 witnesses. They argue, however, that the depositions of these
12 witnesses could lead to the discovery of admissible evidence
13 because the depositions could reveal the source of the inaccuracies
14 in the Fact Sheet, and thus, might lead to an admission that is
15 helpful to plaintiffs, or to impeachment evidence. However, any
16 such impeachment is quite likely to be on a collateral matter. I
17 conclude that the possibility that these depositions could produce
18 admissible evidence is remote and that the evidentiary value is
19 marginal, especially when contrasted with the burdens imposed by
20 conducting these depositions.

21 II. Plaintiffs' Seventh Motion to Compel against the City
   Defendants

22 A. Henderson's Statements re: Humphrey's Activity Level

23 The following statements from PPB Commander Donna Henderson
24 were quoted in the October 27, 2006 edition of The Oregonian:
25 "[Humphreys] would be the uniform cover that would actually make
26 the arrest so he has a lot of hands-on contact with people. His
27 activity level looks a little different because of that." Exh. A
28

4 - ORDER

to Steenson Mar. 19, 2008 Declr.  Plaintiffs seek documents describing, evidencing, or relating to these statements.

I deny the motion.  This request would conceivably require the production of every police report in the entire department for an unspecified period of time, and at a minimum, would require production of all transit division police reports for an uncertain period of time.  I can conceive of no other documents which would support Henderson's statement regarding how many times Humphreys was the "uniform cover" actually making an arrest and how his "activity level" compares with other officers' activity levels.

The burden of such a production outweighs any probative value, whether the putative evidentiary value is gauged in relation to an individual liability claim or a Monell claim.  For either type of claim, the evidentiary value, or the likelihood of responsive documents leading to admissible evidence, is remote.  Thus, whether the Monell claims are bifurcated or not, the motion is denied.

B.  Henderson's Statements re: Drug Arrests

Henderson also told The Oregonian that her unit of twenty-eight officers who patrol the MAX light rail trains and bus lines, make eighteen to twenty percent of the drug arrests in the Portland area. Exh. A to Steenson Mar. 19, 2008 Declr.  This statement also appeared in the October 27, 2006 edition of The Oregonian. Id.

For the reasons articulated in the previous section, I deny this motion.  Again, the request would require production of all police reports regarding drug arrests, for a uncertain period of time.  The burden of production outweighs the minimal evidentiary value that these documents might possess.  Moreover, as in the previous section, regardless of whether the Monell claims are

5 - ORDER

1  bifurcated, the motion is denied.
2          IT IS SO ORDERED.
3                  Dated this  14th   day of  May        , 2008.
4
5
6                                       /s/ Dennis James Hubel
                                       Dennis James Hubel
7                                      United States Magistrate Judge

6 - ORDER