IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES P. CHASSE, JR., et al.,    )
                                 )
            Plaintiffs,          )
                                 )   No.  CV-07-189-HU
      v.                         )
                                 )
CHRISTOPHER HUMPHREYS, et al.,)      OPINION & ORDER
                                 )
            Defendants.          )
_____)

Tom Steenson
STEENSON, SCHUMANN, TEWKSBURTY, CREIGHTON & ROSE, P.C.
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon 97204

     Attorney for Plaintiffs

James G. Rice
DEPUTY CITY ATTORNEY
David A. Landrum
DEPUTY CITY ATTORNEY
OFFICE OF CITY ATTORNEY
1221 S.W. Fourth Avenue, Room 430
Portland, Oregon 97204

     Attorneys for City Defendants

/ / /

/ / /

/ / /

1 - OPINION & ORDER

```
Agnes Sowle
COUNTY ATTORNEY
Susan M. Dunaway
ASSISTANT COUNTY ATTORNEY
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214-3587

Robert E. Barton
COSGRAVE VERGEER KESTER, LLP
805 S.W. Broadway
Portland, Oregon 97205

     Attorneys for Bret Burton & Multnomah County

James P. Martin
Kari A. Furnanz
HOFFMAN HART & WAGNER, LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205

     Attorneys for Sokunthy Eath & Patricia Gayman

James L. Dumas
Sheri C. Browning
LINDSAY, HART, NEIL, & WEIGLER LLP
1300 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97201

     Attorneys for AMR Defendants
```

KING, District Judge:

In this civil rights action, plaintiffs bring several claims against various groups of defendants, including the City Defendants (Humphreys, Nice, City of Portland, Tri-Met, Potter & Sizer), the County Defendants (Burton & Multnomah County), the County Nurses (Eath & Gayman), and the AMR Defendants (AMR, Stucker, and Hergert). The claims arise from a September 17, 2006 incident in which James P. Chasse, Jr. (Chasse), died in police custody.

Presently, all of the parties move for summary judgment as to certain claims. The specifics of the motions are discussed below.

First, while I previously told the parties during a telephone conference that I would not consider any motions directed to a claim or issue that I have previously bifurcated for trial at a

2 - OPINION & ORDER

later date, I formalize that ruling here. I deny any motion directed toward a claim that has been bifurcated, but I grant leave to renew these motions following the first trial.

Accordingly, I deny the City Defendants' motion directed to all of the section 1983 claims brought against the City (not Humphreys and Nice). Also, I deny the City Defendants' motion directed to any claims brought against Sizer and Potter as individual defendants. I deny the City Defendants' motion as to the statutory disability discrimination claims brought in plaintiff's seventh claim for relief. I further deny the City Defendants' motion as to the injunctive relief claim.

I also deny the County's motion for summary judgment on all of the section 1983 claims brought against it, as well as on the statutory disability discrimination claim asserted in plaintiff's seventh claim for relief. I deny the AMR Defendants' summary judgment motion directed to any of the section 1983 claims brought against AMR (not Hergert and Stucker). Finally, I also deny the AMR Defendants' motion for summary judgment as to the statutory disability discrimination claims in plaintiff's seventh claim for relief.

Second, even though briefing on the summary judgment motions is not yet complete, I deny some portions of some of the motions at this juncture because a review of the motions shows the presence of disputed facts, or opposing but reasonable inferences from facts, that should be resolved by the jury. No further briefing of these motions is allowed. I also grant some portions of some of the motions because the issues are questions of law that may be resolved without further briefing.

3 - OPINION & ORDER

## STANDARDS

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987)). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. T.W. Elec. Serv., 809 F.2d at 630-31.

If the factual context makes the nonmoving party's claim as to

4 - OPINION & ORDER

the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Id.; In re Agricultural Research and Tech. Group, 916 F.2d 528, 534 (9th Cir. 1990); California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).

## DISCUSSION

I.  Plaintiffs' Motion as to the City Defendants

Plaintiffs move for summary judgment against Humphreys on their first claim for relief, alleging unconstitutional Fourth Amendment violations, and against the City on their eleventh and twelfth claims for relief, alleging false imprisonment and battery, respectively.

I deny the motion as to the first claim because I find disputed issues of fact, or varying inferences to be drawn from the facts, as to (1) whether this was a Terry-investigative stop requiring reasonable suspicion of criminal activity, or an arrest requiring probable cause; Martinelli v. City of Beaumont, 820 F.2d 1491, 1494 (9th Cir. 1987) ("The question whether Martinelli's decision was a Terry stop or a custodial interrogation presents an issue of fact for the jury"); (2) whether Humphreys had reasonable suspicion that criminal activity was afoot, or whether Humphreys had probable cause to arrest; Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008) ("in a section 1983 action the factual matters underlying the judgment of reasonableness generally mean that probable cause is a question for the jury"), Choi v. Gaston, 220 F.3d 1010, 1012 (9th Cir. 2000) (evidence was sufficient to give rise to jury question on whether officers had

5 - OPINION & ORDER

reasonable suspicion to stop the plaintiff); (3) whether Humphreys's force was unconstitutionally excessive; Smith v. City of Hemet, 394 F.3d 689, 700-01 (9th Cir. 2005) ("[b]ecause the excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment . . . in excessive force cases should be granted sparingly . . . because such cases almost always turn on a jury's credibility determinations.") (internal quotation, brackets, and citations omitted); see also Scott v. Harris, 550 U.S. 372, 382-83 (2007) (no separate Fourth Amendment analysis for cases involving "deadly force"; "all that matters is whether [the officer's] actions were reasonable").

As to the false imprisonment claim, plaintiffs argue that because Humphreys had no reasonable suspicion to stop Chasse, the "confinement" of Chasse was unlawful. Because there are disputed factual issues which preclude a determination of reasonable suspicion or probable cause as a matter of law, the unlawfulness of Chasse's confinement as a matter of law can also not be determined. I deny plaintiffs' motion on this claim.

Plaintiffs' motion as to the battery claim depends on the ability to determine as a matter of law that Humphreys's use of force was not justified. For the same reason that I deny plaintiffs' motion on the Fourth Amendment and false imprisonment claims, I deny it as to the battery claim.

II. The City Defendants' Motion

Nice and Humphreys move for summary judgment on plaintiffs' second claim for relief which alleges that Nice and Humphreys, and

6 - OPINION & ORDER

others, unconstitutionally deprived plaintiff of adequate medical care in violation of the Fourth Amendment. Nice and Humphreys contend that because they immediately summoned necessary medical help for Chasse each time it appeared that he needed it, no reasonable jury could find in plaintiffs' favor on this claim. I disagree. At a minimum, I note that the record in the case indicates that there is a dispute about what information Nice, Burton, and Humphreys provided to the emergency medical technicians (EMTs) who arrived at NW 13th and Everett. If plaintiffs demonstrate that the officers failed to provide all pertinent information to the EMTs about Chasse's condition, such facts could be relevant to a jury's determination of Humphreys's and Nice's liability on this claim. Moreover, the undisputed evidence is that Humphreys and Burton intended to take Chasse to Portland Adventist Hospital from the jail, rather than to a closer hospital. This fact could also be relevant to a jury's determination on this claim. Thus, I deny Humphreys's and Nice's motion directed to plaintiffs' second claim.

Next, Nice and Humphreys move for summary judgment on plaintiff's fourth claim for relief which alleges a Fourteenth Amendment violation for conduct that "shocks the conscience." The precise contours of this claim are unclear in the Amended Complaint. However, even as presently framed, for the reasons explained in the November 5, 2008 Opinion & Order on motions to dismiss, I grant this motion to the extent the claim is brought by Mark Chasse.

I also grant the motion to the extent the claim is brought by Chasse's estate. Chasse's estate has challenged Humphreys's and

7 - OPINION & ORDER

Nice's conduct in effecting the arrest of Chasse in the first claim for relief alleging a violation of the Fourth Amendment. Chasse's estate separately challenges Humphrey's and Nice's alleged failure to provide medical care to Chasse in the second claim for relief. Plaintiff cites the Fourth Amendment as the applicable constitutional provision in the second claim.

I do not decide at this time whether the proper constitutional provision for plaintiffs' second claim against Humphreys and Nice is the Fourth Amendment, which applies to a broad range of police conduct in effecting an arrest, Fontana v. Haskin, 262 F.3d 871, 878-79 (9th Cir. 2001) ("the Fourth Amendment protects a criminal defendant after arrest on the trip to the police station"; "[b]eyond the specific proscription of excessive force, the Fourth Amendment generally proscribes unreasonable intrusions on one's bodily integrity") (internal quotation omitted), or is the substantive due process clause of the Fourteenth Amendment, which applies specifically to issues of medical care for pretrial detainees, and for which the Ninth Circuit relies on standards used in similar claims brought by convicted persons under the Eighth Amendment. E.g., Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003) ("[c]laims of failure to provide care for serious medical needs, when brought by a detainee . . . who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment"); see also Hudson v. City of Salem, No. CV-07-226-ST, 2009 WL 1227770, at *10 (D. Or. May 1, 2009) ("The Ninth Circuit has adopted the Eighth Amendment standard for providing necessary medical care to prisoners as a 'minimum standard of care' for determining the

8 - OPINION & ORDER

rights of a pretrial detainee to the same.") (citing <u>Jones v. Johnson</u>, 781 F.2d 769, 771 (9th Cir. 1986)).

Regardless of which of these two constitutional provisions guides the second claim, the estate cannot maintain a separate "shocks the conscience" substantive due process claim under the Fourteenth Amendment, as a matter of law, when the conduct at issue is governed by the specific Fourth Amendment standards used to evaluate police conduct, and the specific Fourteenth Amendment due process/Eighth Amendment standards specifically applicable to pretrial detainee medical care claims. <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989) (where specific constitutional amendment provides "explicit textual source of constitutional protection" against a particular sort of government behavior, that amendment controls the analysis for the claim); <u>see</u> <u>also</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 271-72 (1994) (discussing the limited scope of substantive due process rights and expressing "reluctan[ce] to expand the concept") (internal quotation omitted); <u>Armendariz v. Penman</u>, 75 F.3d 1311, 1325-26 (9th Cir. 1996) (en banc) ("[s]ubstantive due process analysis has no place in contexts already addressed by explicit textual provisions of constitutional protection, regardless of whether the plaintiff's potential claims under those amendments have merit."); <u>Wright v. Town of Southbridge</u>, No. 07-40305-FDS, 2009 WL 415506, at *3 n.4 (D. Mass. Jan. 15, 2009) (where substantive due process claim is coextensive with claim under a specific constitutional provision, court considers only the

9 - OPINION & ORDER

specific claim).[1]

Finally, to the extent plaintiffs' fourth claim is brought by Chasse's parents James P. Chasse and Linda Gerber, I deny the motion. Porter v. Osborn, 546 F.3d 1131, 1136 (9th Cir. 2008), noted the parents' Fourteenth Amendment right to associate with their adult son, the same type of claim asserted by Chasse's parents in this case. This is an entirely distinct constitutional interest. To the extent the parents' claim is based on the same facts as those asserted in support of the first and second claims for relief, for the reasons previously explained, I conclude that there are issues of fact or inferences to be drawn from the facts, that preclude summary judgment to Nice and Humphreys on the parents' substantive due process claim as alleged in the fourth claim for relief.

The remaining parts of the City defendants' motion that are not part of the second trial in this case, are the motions by the City against plaintiffs' intentional infliction of emotional distress and false imprisonment claims. I deny the City's motion as to these claims because there are disputed issues of fact, or inferences from the facts, that cannot be resolved as a matter of law on summary judgment and which are relevant to a determination of, inter alia, whether the conduct at issue constituted an extraordinary transgression of the bounds of socially tolerable

---

[1] Even if the inadequate medical care claim against the officers is governed by the substantive due process clause of the Fourteenth Amendment and not the Fourth Amendment, the rule from Graham and the cases cited above should nonetheless apply here because the Ninth Circuit relies on specific Eighth Amendment standards in deciding these particular inadequate medical care substantive due process claims by pretrial detainees.

10 - OPINION & ORDER

conduct and whether the confinement of Chasse was unlawful.

III.  Burton's Motion

Burton moves against plaintiffs' first claim (Fourth Amendment seizure and excessive force), second claim (Fourth Amendment failure to provide adequate medical care), fourth claim (Fourteenth Amendment "shocks the conscience" substantive due process), and fifth claim (Fourteenth Amendment equal protection based on mental illness). For the reasons explained in connection with the other motions already discussed, I deny the motion as to the first and second claims. And, for the reasons previously explained, I grant the motion on the fourth claim to the extent it is brought by Chasse's estate and I deny the motion to the extent it is brought by Chasse's parents. I previously granted the motion to dismiss brought by Burton on this claim to the extent it was brought by Mark Chasse.

The only separate argument by Burton that I note is his qualified immunity argument. Burton is not entitled to qualified immunity if (1) his conduct violated a constitutional right, and (2) that right was "clearly established" at the time of the constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). Here, taking all facts and inferences in light most favorable to plaintiffs, I cannot say that no reasonable juror would conclude that no constitutional rights were violated in regard to plaintiffs' first and second claims. Thus, on that basis alone, Burton is not entitled to qualified immunity on those claims.

IV.  The County's Motion

The County moves for summary judgment on the false

11 - OPINION & ORDER

imprisonment and battery claims. For the reasons discussed above, I deny the motions because of the presence of disputed facts, or differing inferences to be drawn from the facts.

V. Eath's and Gayman's Motion

Eath and Gayman move for summary judgment on plaintiffs' second claim for relief alleging unconstitutionally inadequate medical care under the Fourth Amendment, on plaintiffs' third claim for relief alleging unconstitutionally inadequate medical under the Fourteenth Amendment, on plaintiffs' fourth claim relief alleging a "shocks the conscience" violation of substantive due process rights under the Fourteenth Amendment, and on plaintiffs' fifth claim for relief alleging an equal protection violation based on Chasse's mental illness, under the Fourteenth Amendment.

I grant the nurses' motion on the second claim because inadequate medical care provided by the nurses to a pretrial detainee does not arise under the Fourth Amendment but instead, as noted above, is protected by the substantive due process clause of the Fourteenth Amendment, under the standards used to evaluate similar claims by convicted persons under the Eighth Amendment. Under the cases cited previously above, while it is less clear whether the inadequate medical care claim brought against the officers involved in Chasse's seizure is governed by the Fourth or Fourteenth Amendments (an issue I need not resolve now), because the Fourth Amendment provides the relevant law only for officers' conduct in searches, seizures, and arrests (regardless of how broadly courts have interpreted such conduct), there is no basis for contending that actions by jail nurses who played no part in effecting the seizure of Chasse, are governed by the Fourth

12 - OPINION & ORDER

Amendment. Thus, Eath's and Gayman's motion as to the second claim for relief is granted.

As to the fourth claim, alleging a "shocks the conscience" substantive due process claim, I grant the motion for the reasons articulated above, to the extent the claim is brought by Mark Chasse and Chasse's estate. I deny the motion to the extent it is brought by Chasse's parents.

VI. AMR's, Hergert's, and Stucker's Motion

Hergert and Stucker move for summary judgment on plaintiffs' second claim alleging constitutionally inadequate medical treatment in violation of the Fourth Amendment, on plaintiffs' fourth claim alleging a "shocks the conscience" violation of the substantive due process clause of the Fourteenth Amendment, and on plaintiffs' fifth claim alleging a Fourteenth Amendment equal protection violation based on Chasse's mental illness.

I agree with Hergert and Stucker that plaintiffs' claim for allegedly unconstitutionally inadequate medical treatment by Hergert and Stucker is not governed by the Fourth Amendment because Hergert and Stucker were not participants in Chasse's seizure. Thus, I grant the motion as to the second claim.

As previously explained, a claim such as this against Hergert and Stucker should be governed by the Fourteenth Amendment substantive due process clause, applying Eighth Amendment standards used for similar claims brought by convicted persons. In this case, plaintiffs' third claim for relief makes such allegations. But, plaintiffs did not name Hergert and Stucker as defendants in that claim. Because a specific constitutional provision governs the claim plaintiffs are precluded from bringing it as a "shocks

13 - OPINION & ORDER

the conscience" substantive due process claim. Thus, I grant summary judgment to Hergert and Stucker on the fourth claim to the extent it is brought by Chasse's estate. For the reasons previously articulated, I also grant the motion as to the fourth claim to the extent it is brought by Mark Chasse. I deny the motion at this time to the extent it is brought by Chasse's parents.

## CONCLUSION

Plaintiffs' motion as to the City Defendants (#639) is denied. The City Defendants' motion (#640) is denied in part and granted in part. Burton's motion (#642) is denied in part and granted in part. Eath's and Gayman's motion (#655) is denied in part and granted in part. The AMR Defendants' motion (#661) is denied in part and granted in part.

IT IS SO ORDERED.

Dated this  1 day of   June, 2009.

/s/Garr M. King
Garr M. King
United States District Judge

14 - OPINION & ORDER