Tom Steenson     OSB #74313
E-mail: *gillian@sstcr.com*
Michael Rose      OSB #75322
E-mail: *mrose@sstcr.com*
STEENSON, SCHUMANN,
TEWKSBURY, CREIGHTON
& ROSE, P.C.
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon  97204
Phone:   (503) 221-1792
Fax:       (503) 223-1516

Zan Tewksbury   OSB #91165
E-mail: *zan@sstcr.com*
Beth Creighton    OSB #97244
E-mail: *beth@sstcr.com*

Of Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

JAMES P. CHASSE, JR.; et al.,

Plaintiffs,

vs.

CHRISTOPHER HUMPHREYS; et al.,

Defendants.

Case No. CV-07-0189-KI

PLAINTIFFS' AMENDED EXHIBIT LIST
(With Defendants' Objections and Plaintiffs'
Responses)

The plaintiffs submit the following amended exhibit list and reserve their rights to

disclose and offer additional exhibits for rebuttal and impeachment purposes, as may be

necessary.  After meeting and conferring with defendants' counsel, also included are defendants'

remaining objections and plaintiffs' responses.

Dated this 10th day of May 2010.

s/ Tom Steenson

TOM STEENSON, OSB #74313
Of Attorneys for Plaintiffs

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,   PC
815 SW 2nd Ave #500
Portland, OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 1 | Events of 9/17/06 (Timeline) (demonstrative - to be finalized after pre-trial motions are decided) | Objection to admissibility based on pls' failure to provide a copy of same to defense counsel | There are a number of evidentiary issues raised by pre-trial motions *in limine* and objections which may effect this demonstrative Exhibit.  For efficiency, plaintiffs have delayed finalizing the Exhibit. |
| 2 | Life of James P. Chasse, Jr. (Timeline) (demonstrative - to be finalized after pre-trial motions are decided) | Objection to admissibility based on pls' failure to provide a copy of same to defense counsel | *See* response to defs' objection to Exh 1. |
| 3 | Map (NW, NE, SW and SE areas of Portland) | FRE 402 and 403, relevance.  Some locations are irrelevant (i.e., Powell's, Rite Aid, Library, Columbia Coin, Safeway, Church, Everyday Music); leads to confusion of issues; waste of time; misleads the jury | Evidence of how Chasse lived his life, how he had successfully lived independently in apartments the last seven years of his life, how he shopped, took care of himself, and traveled around Portland, what he did on a day to day basis, that his life was meaningful, that he had a good, loving relationship with his parents, is highly relevant to the issue of damages.  This is particularly true since defendants' expert, psychiatrist Ira Glick, views Chasse's life as being "miserable," essentially not worth living, and as a result his parents really lost little or nothing.  *See* Endnotes # 1 and # 2. |
| 4 | Photograph of Helen M. Swindell Apartments | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **5** | Photograph of Helen M. Swindell Apartments (closeup) | No objection | |
| **6** | Cascadia Behavioral Healthcare webpages (3 pages) | FRE 402 and 403, relevance; FRE 404, improper character evidence. Amounts to bolstering of witness's credibility | Chasse was served by Cascadia Behavioral Healthcare for the last 5 years or so of his life. The Exh fairly and accurately summarizes the types of services Cascadia provided him and is not improper character evidence. |
| **7** | Photograph of Linda Gerber's Apartment Complex (Calaroga Terrace) @ 1400 NE 2nd Ave | FRE 402 and 403, irrelevant to any fact in issue | Chasse frequently traveled from his apartment on NW Broadway, just off Burnside, to his mother's apartment in NE Portland. *See* response to defs' objections to Exh 3, above, and Endnotes # 1 and # 2. |
| **8** | Photograph of Everyday Music @ 1313 W Burnside St | FRE 402 and 403, relevance. Leads to confusion of issues; waste of time; misleads the jury | Chasse frequently visited and shopped at Everyday Music near his apartment. *See* response to defs' objections to Exh 3, above, and Endnotes # 1 and # 2. |
| **9** | Photograph of Excalibur Books & Comics @ 2444 SE Hawthorne Blvd | FRE 402 and 403, relevance. Leads to confusion of issues; waste of time; misleads the jury | Chasse frequently visited and shopped at Excalibur Books & Comics when he traveled across the river to SE Portland. *See* response to defs' objections to Exh 3, above, and Endnotes # 1 and # 2. |
| **10** | Photograph of Fred Meyer @ 3805 SE Hawthorne Blvd | FRE 402 and 403, relevance. Leads to confusion of issues; waste of time; misleads the jury | Chasse frequently shopped at Fred Meyer across the river in SE Portland. *See* response to defs' objections to Exh 3, above, and Endnotes # 1 and # 2. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **11** | Photograph of Multnomah County Library @ 801 SW 10th Ave | FRE 402 and 403, relevance. Leads to confusion of issues; waste of time; misleads the jury | Chasse frequently visited and check books out from the public library not far from his apartment. *See* response to defs' objections to Exh 3, above, and Endnotes # 1 and # 2. |
| **12** | Photograph of Powell's City of Books @ 1005 W Burnside | FRE 402 and 403, relevance. Leads to confusion of issues; waste of time; misleads the jury | Chasse frequently visited and shopped at Powell's City of Books near his apartment. *See* response to defs' objections to Exh 3, above, and Endnotes # 1 and # 2. |
| **13** | Photograph of Rite Aid Pharmacy @ 622 SW Alder St | FRE 402 and 403, relevance. Leads to confusion of issues; waste of time; misleads the jury | Chasse frequently shopped at Rite Aid Pharmacy near his apartment where he picked up his prescription every two weeks or so. *See* response to defs' objections to Exh 3, above, and Endnotes # 1 and # 2. |
| **14** | Photograph of Safeway @ 1030 SW Jefferson St | FRE 402 and 403, relevance. Leads to confusion of issues; waste of time; misleads the jury | Chasse frequently visited and shopped at Safeway. *See* response to defs' objections to Exh 3, above, and Endnotes # 1 and # 2. |
| **15** | Photograph of St. Michael the Archangel Church @ 424 SW Mill St | | Chasse frequently visited and attended services at St. Michael the Archangel Church. *See* response to defs' objections to Exh 3, above, and Endnotes # 1 and # 2. |
| **16a** | Map (sequential from NW 19th and Everett to NW 13th and Everett) (1 page) | No objection | |
| **16b** | Map (sequential from NW 19th and Everett to NW 13th and Everett) (1 page) | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **16c** | Map (sequential from NW 19th and Everett to NW 13th and Everett) (1 page) | No objection | |
| **16d** | Map (sequential from NW 19th and Everett to NW 13th and Everett) (1 page) | No objection | |
| **16e** | Map (sequential from NW 19th and Everett to NW 13th and Everett) (1 page) | No objection | |
| **16f** | Map (sequential from NW 19th and Everett to NW 13th and Everett) (1 page) | No objection | |
| **16g** | Map (sequential from NW 19th and Everett to NW 13th and Everett) (1 page) | No objection | |
| **17** | Photograph of NW 18th and Everett (looking north/northwest) | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 18 | Photograph of NW Everett (looking east from NW corner of NW 18th and Everett) | No objection | |
| 19 | Photograph of NW 18th - 16th and Everett (looking east) | No objection | |
| 20 | Photograph of intersection of NW 16th and Everett intersection (looking southeast) | No objection | |
| 21 | Photograph of intersection of NW 16th and Everett intersection (looking south from crosswalk on NW 16th) | No objection | |
| 22 | Photograph of intersection of NW 16th and Everett (looking east from SW corner of intersection) | No objection | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **23** | Photograph of NW Everett between NW 14th and NW 13th (looking east) | No objection | |
| **24** | Photograph of NW Everett between NW 14th and NW 13th (looking southeast) | No objection | |
| **25** | Photograph of intersection of NW 13th and Everett (looking east) | No objection | |
| **26** | Photograph of intersection of NW 13th and Everett (looking south) | No objection | |
| **27** | Photograph of intersection of NW 13th and Everett (looking southwest) | No objection | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|-----------|-------------|------------------|----------------|
| **28a** | Photograph of intersection of NW 13th and Everett (looking west from corner of southeast corner of NW 13th and Everett) | No objection | |
| **28b** | Photograph of intersection of NW 13th and Everett (looking west from sidewalk between NW 13th and NW 12th) | No objection | |
| **29a** | Photograph of intersection of NW 13th and Everett (looking northwest) | No objection | |
| **29b** | Photograph of intersection of NW 13th and Everett (looking northwest from Blue Hour) | No objection | |
| **30** | Photograph of Chasse in full restraints (Marquez sequential photo) | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 31 | Photograph of Chasse in full restraints (Marquez sequential photo) | No objection | |
| 32 | Photograph of Chasse in full restraints (Marquez sequential photo) | No objection | |
| 33 | Photograph of Chasse in full restraints (Marquez sequential photo) | No objection | |
| 34 | Photograph of Chasse in full restraints (Marquez photo - closeup) | No objection | |
| 35 | Chasse's backpack | No objection | |
| 36 | Photograph of James P. Chasse, Jr.'s backpack | No objection | |
| 37 | Contents of Chasse's backpack | No objection | |
| 38 | Photograph of contents of Chasse's backpack | No objection | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and  ROSE,    PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **39** | Chasse's 2004 Oregon Identification Card (2 pages) | No objection | |
| **40** | Chasse's 2004 Oregon Identification Card (front and back) | No objection | |
| **41** | PPB Training Division In Custody Death Review, undated, Case #06-84962 (re: Chasse) (CHASSE147021-147032, 147039) | FRE 106, remainder; FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 802, hearsay; FRE 407, subsequent remedial measure; FRE 602, lack of personal knowledge; incomplete document; local police policy is not relevant and is more prejudicial that probative in an individual 4th Amendment case | This public report is appropriately redacted and contains findings that are relevant on the issues of what the Portland Police Bureau ("PPB") training and policies on foot pursuits mean in the context of Humphreys' pursuit and takedown of Chasse and whether Humphreys acted consistently with that the training and policy. It is highly relevant on the issue of whether Humphreys acted reasonably (Claim One), whether he acted with deliberate indifference (Claim One), and on the issue of punitive damages against him. *See* Endnote # 3. It does not contain a change in training or policy and is not a subsequent remedial measure under FRE 407. It is admissible as an exception to the hearsay rule under FRE 808(8). |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 42 | Memorandum from PPB Assistant Police Chief (Operations Branch) Lynnae Berg to PPB Capt. John Tellis, Internal Affairs Division, dated 9/15/08 re: IAD Findings 2006-B0016 | FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 802, hearsay; FRE 407, subsequent remedial measure; FRE 602, lack of personal knowledge; incomplete document; local police policy is not relevant and is more prejudicial that probative in an individual 4th Amendment case | *See* response to defs' objections to Exh 41, including Endnote # 3. |
| 43 | Memorandum from PPB Chief Rosanne Sizer and Commissioner in Charge [of PPB] Dan Saltzman, dated 2/2/10, re: discipline of Humphreys (CHASSE1518 26-151827) | FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 802, hearsay; FRE 407, subsequent remedial measure; FRE 602, lack of personal knowledge; incomplete document; Def. MIL #1; local police policy is not relevant and is more prejudicial that probative in an individual 4th Amendment case | This public report contains findings that are relevant on the issues of what the Portland Police Bureau ("PPB") training and policies on disclosures to medical personnel are and when a person in custody should be transported to a hospital, in the context of Humphreys' and Nice's failure to make adequate disclosures about the force used on Chasse and his medical condition and their failure to transport him to a hospital in an ambulance. It is highly relevant on the issue of whether Humphreys and Nice acted reasonably (Claim Two), whether they acted with deliberate indifference (Claim Four), and on the issue of punitive damages against them. *See* Endnote # 3. It does not contain a change in training or policy and is not a subsequent remedial measure under FRE 407. It is admissible under as an exception to the hearsay rule under FRE 808(8). |

STEENSON SCHUMANN TEWKSBURY CREIGHTON and ROSE, PC 815 SW 2nd Ave #500 Portland, OR 97204 Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 44 | Memorandum from PPB Chief Rosanne Sizer and Commissioner in Charge [of PPB] Dan Saltzman, dated 2/2/10, re:discipline of Nice (CHASSE1518 32-151833) | FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 802, hearsay; FRE 407, subsequent remedial measure; FRE 602, lack of personal knowledge; incomplete document; Def. MIL #1;  local police policy is not relevant and is more prejudicial that probative in an individual 4th Amendment case | *See* response to defs' objections to Exh 43, including Endnote # 3. |
| 45 | "Commissioner Saltzman's Statement on Proposed Discipline for Officers Involved in James Chasse Case," dated 11/4/09 (CHASSE1515 52-151553) | FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 404, improper character evidence; FRE 702, improper lay opinion; FRE 802, hearsay; FRE 407, subsequent remedial measure; FRE 602, lack of personal knowledge; incomplete document; Def. MIL #1; local police policy is not relevant and is more prejudicial that probative in an individual 4th Amendment case; pl using PPB decision to denigrate character and tell the jury how to find | *See* response to defs' objections to Exh 43, including Endnote # 3. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 46 | Memorandum from Christopher Paille, Office of Accountability and Professional Standards, to PPB Capt. Edward Brumfield, Internal Affairs Division, dated 3/17/10 re: sustained discipline for Humphreys and Nice | FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 404, improper character evidence; FRE 702, improper lay opinion; FRE 802, hearsay; FRE 407, subsequent remedial measure; FRE 602, lack of personal knowledge; incomplete document; Def. MIL #4; local police policy is not relevant and is more prejudicial that probative in an individual 4th Amendment case; pl using PPB decision to denigrate character and tell the jury how to find | *See* response to defs' objections to Exh 43, including Endnote # 3. |
| 47a | Media article from *The Portland Mercury*, dated 10/21/09 re: Leonard's public statements re: Chasse's death | FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 404, improper character evidence; FRE 702, improper lay opinion; FRE 802, hearsay; FRE 407, subsequent remedial measure; FRE 602, lack of personal knowledge; incomplete document; Def. MIL #1; Def. MIL # 31; *see* defs' objections to Exh 45; *see* def. obj. to pl. witness statement for Commissioner Leonard. | *See* response to defs' objections to Exhs 41 and 43, including Endnote # 3. The media article is an exception to the hearsay rule under FRE 807 because at least 3 separate newspapers reported Leonards' statement and he did not dispute them. *See Larez v. City of Los Angeles*, 946 F2d 630, 643-644 (9th Cir 1991) (newspaper articles reporting police chief's statement sufficiently trustworthy because 3 separate newspapers attributed same quotation to police chief and chief never disputed that he made statements). |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **47b** | Media article from *The Oregonian*, dated 10/23/09 re: Leonard's public statements re: Chasse's death | *See* defs' objections to Exh 47a. | *See* response to defs' objections to Exh 47a, including Endnote # 3. |
| **47c** | Media article from *The Willamette Week*, dated 10/28/09 re: Leonard's public statements re: Chasse's death | *See* defs' objections to Exh 47a. | *See* response to defs' objections to Exh 47a, including Endnote # 3. |
| **47d** | Media article from *The Portland Mercury*, dated 11/4/09 re: Leonard's public statements re: Chasse's death | *See* defs' objections to Exh 47a. | *See* response to defs' objections to Exh 47a, including Endnote # 3. |
| **48** | Excerpts of Bureau of Emergency Communications Record for 9/17/06 re: Chasse (CHASSE102736-102737) | FRE 106, remainder; FRE 402, relevance; FRE 403, more prejudicial than probative; incomplete document; no reference for redacted information | This Exhibit is appropriately redacted to exclude dispatch information related to Chasse after he is transported by ambulance from NE 33rd, at 6:47:10 p.m. There is no need for dispatch information after that time. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 49 | Excerpts of PPB Computer Assisted Dispatch Report for 9/17/06 re: Chasse (CHASSE1028 45) | FRE 106, remainder; FRE 402, relevance; FRE 403, more prejudicial than probative; use City's because pl. does not redact prior police contact and does not show names of officers who ran name | The Exhibit includes the police computer database queries run on Chasse: on 8/26/06 by PPB Officer Stephen Gandy (Unit 764A); and on 9/17/06 by PPB Officers Humphreys (Unit 1772A), Unit 724A, and Unit 835A. |
| 50 | Unit History for 1772A (patrol car for Humphreys and Bret Burton [hereinafter "Burton"]) on 9/17/06 (2 pages) | FRE 402, relevance; FRE 403, cumulative; all relevant information is in Incident Histories pl. and def. listed as Exhs | This Exhibit simply documents the dispatch activity for Humphreys on 9/17/06 and is relevant.  It is not cumulative. |
| 51 | Nextel phone records for Humphreys, covering 9/17/06 | No objection | |
| 52 | Excerpt of PPB Mobil Data Transmissions for 9/17/06, re: 5:46 p.m. police records check on Chasse by Humphreys re: Chasse query (CHASSE1247 48-124749) | FRE 402, relevance; FRE 403, more prejudicial than probative; this information was redacted when provided by City and subject to pl. motion to compel which pl. lost; not probative of any claim or defense; tends to confuse issues, waste time and mislead the jury | This Exhibit provides the information received by Humphreys when he ran Chasse through the police computer database after Chasse was placed in Humphreys' patrol car for transport to the jail.  It is relevant and not cumulative. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **53** | Excerpt of PPB Mobil Data Transmissions for 9/17/06, re: 5:57 - 5:58 p.m. transmissions from and to Humphreys re: Chasse, "never been arrested", "wasn't rock" (CHASSE1247 64) | No objection | |
| **54** | Excerpt of PPB Mobil Data Transmissions for 9/17/06, re: 6:08 - 6:09 p.m. transmissions from and to Humphreys and others re: Chasse, "GLAD U R OK N HE ISNT" CHASSE12476 8) | FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 404, improper character evidence; FRE 801 and 802, inadmissible hearsay; sender not PPB employee; Exh List does not correctly state content of all transmissions; not probative of any claim of defense; comments not made by any defendant; tends to confuse issues, waste time and mislead the jury | Humphreys spoke to Transit Police Division supervisor/Gresham Police Sergeant O'Keefe for three minutes beginning at 5:28 p.m., and explained what had happened to Chasse.  At 6:08 - 6:09 pm., Sgt. O'Keefe text messages Humphreys confirming what Humphreys had told him.  Humphreys did not dispute what O'Keefe had stated (especially "GLAD. . .HE ISN"T [OK]".  It is highly relevant, not improper character evidence, a simple statement by O'Keefe as to what he understood, and, alternatively, not hearsay because it is an adoptive admission by a party-opponent (Humphreys) under 801(d)(2)(B), and not confusing. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 55 | Excerpt of PPB Mobil Data Transmissions for 9/17/06, re: 6:43 p.m. transmission from PPB Officer Curtis Brown re: Chasse, "union pres is called" (CHASSE1248 16) | FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 404, improper character evidence; not probative of any claim or defense; tends to confuse issues, waste time and mislead the jury; denigrates character of defendant because represented by union in criminal investigation | The exhibit provides context for when Humphreys and Nice begin having access to third parties to assist them in fabricating their stories about Chasse before a formal investigation had begun. It is relevant, not improper character evidence, not hearsay because it is an adoptive admission by a party-opponent (Humphreys) under 801(d)(2)(B), and not confusing. |
| 56 | Excerpt of PPB Mobil Data Transmissions for 9/17/06, re: 6:23:30 p.m. transmission from PPB Officer Weldon to Humphreys re: Chasse, "long way to drive with someone that stinky in the car" (CHASSE1247 89) | FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 404, improper character evidence; not probative of any claim or defense; tends to confuse issues, waste time and mislead the jury; denigrates character of defendant using statements by a non-defendant | Officer Weldon is the officer to whom Humphreys spoke with at NW 13th and who, thereafter, told two eyewitnesses that the officers had found a vial of drugs on Chasse and he had 14 prior cocaine convictions. The text message by Weldon at 6:23:30 to Humphreys was sent just after Humphreys called dispatch at 6:23:03 to have dispatch tell security at Portland Adventist Hospital that they were bringing a "fighter" in from the jail. Humphreys did not dispute Weldon's response to Humphreys that it was a "long way to drive with someone that stinky in the car" and provides the reasonable inferences that Humphreys agreed with Weldon's characterization, and that he had told Weldon that Chasse smelled bad. It is relevant, not improper character evidence, not hearsay because it is an adoptive admission by a party-opponent (Humphreys) under 801(d)(2)(B), and not confusing. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 57 | Excerpt of PPB Mobile Data Transmissions for 9/17/06, re: 8:17 p.m. transmission to Humphreys from Adam Swail re: Chasse, "shocker, river call on a Sunday" (CHASSE1248 35) | FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 404, improper character evidence; not probative of any claim or defense; not made by any defendant; tends to confuse issues, waste time and mislead the jury; denigrates character of defendant using statements by a non-defendant | The Exhibit is relevant, not improper character evidence, not hearsay because it is an adoptive admission by a party-opponent (Humphreys) under 801(d)(2)(B), and not confusing.<br><br>*However*, plaintiffs' currently do not intend to offer the Exhibit. |
| 58 | Photograph of Humphreys taken during his 1/8/08 deposition, wherein he demonstrates the position he *claims* Chasse was in when he saw him standing with his back to Humphreys on the south side of NW Everett between NW 14th & NW 13th | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **59** | Diagram by civilian witness Constance Doolan of events at NW 13th and Everett (1 page) | No objection | |
| **60** | Diagram by civilian witness Melissa Gaylord of events at NW 13th and Everett (1 page) | No objection | |
| **61** | Diagram by civilian witness Mark Ginsberg of events at NW 13th and Everett (1 page) | No objection | |
| **62** | Diagram by civilian witness David Lillegaard of events at NW 13th and Everett (1 page) | No objection | |
| **63** | Diagram by civilian witness Diane Loghry of events at NW 13th and Everett (1 page) | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **64a** | Diagram by civilian witness Alizera "Justin" Soltani of events at NW 13th and Everett (police cars and Chasse) (1 page) | No objection | |
| **64b** | Diagram by civilian witness Soltani of events at NW 13th and Everett (location of other police cars on NW 13th) (1 page) | No objection | |
| **65** | E-mail from civilian witness Soltani to PPB Detective John Rhodes, dated 9/24/06 re: statement regarding Chasse (000148-000150) | No objection | |
| **66** | Diagram by civilian witness Randall Stuart of events at NW 13th and Everett (1 page) | No objection | |

STEENSON SCHUMANN TEWKSBURY CREIGHTON and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 67 | Diagram by civilian witness Homer Williams of events at NW 13th and Everett (1 page) | No objection | |
| 68 | Diagram by Humphreys of events at NW 13th and Everett (1 page) | No objection | |
| 69 | Diagram by Nice of events at NW 13th and Everett (when Humphreys and Burton first parked) (1 page) | No objection | |
| 70 | Diagram by Nice of events at NW 13th and Everett (where Nice parked) (1 page) | No objection | |
| 71 | Diagram by Burton of events at NW 13th and Everett (1 page) | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 72 | Diagram by PPB Officer Edward Johnson of events at NW 13th and Everett (1 page) | No objection | |
| 73 | Diagram by PPB Officer Jason Lile of events at NW 13th and Everett (1 page) (1 page) | No objection | |
| 74 | Diagram by PPB Officer Troy Pahlke of events at NW 13th and Everett | No objection | |
| 75 | Diagram by PPB Officer Eric Weldon of events at NW 13th and Everett | No objection | |
| 76 | Handcuffs (like those used on Chasse) | No objection | |
| 77 | Photograph of leg irons (those used on Chasse) | No objection | |
| 78 | Hobble restraint (like the one used on Chasse when taken to jail) | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **79** | Photograph of hobble restraint (the one used on Chasse when taken to jail) | No objection | |
| **80** | Leg irons (like those used on Chasse when taken from jail) (to be subpoenaed to trial from Multnomah County Sheriff's Office) | FRE 403; cumulative; photograph of same offered as Pl. Exh. 77 | An actual set of leg irons will not be cumulative. The photograph of the leg irons (Exhibit 77) is also being used because it may be easier to use with some witnesses. If necessary, plaintiffs will not offer the photograph. |
| **81** | Photograph of handcuffs (those used on Chasse) | No objection | |
| **82** | Diagram by Humphreys, at 1/8/08 deposition (Chasse's face and head) (1 page) | No objection | |
| **83** | Diagram by Nice, at 1/10/08 deposition (Chasse's left arm) (1 page) | No objection | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 84 | Diagram by Nice, at 1/10/08 deposition (Chasse's left arm - #2) (1 page) | No objection | |
| 85 | Diagram by Nice, at 1/10/08 deposition (Chasse's right arm) (1 page) | No objection | |
| 86 | Humphreys' notebook entries, dated 9/17/06, re: Chasse (CHASSE1066 00-106601) | No objection | |
| 87 | Humphreys Use of Force Report, dated 9/17/06 (CHASSE 101381-101382) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Def. MIL #1; Officer Humphreys will testify in person | The highly relevant information contained in Humphreys' Use of Force Report contains admissions by a party-opponent and is not hearsay under FRE 801(d)(1). As a public report, it is admissible as an exception to the hearsay rule under FRE 808(8). |
| 88 | Humphreys' Custody Report, dated 9/17/06 (CHASSE1028 41-102842) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Officer Humphreys will testify in person | *See* response to defs' objections to Exh 87. |
| 89 | Humphreys' Special Report, dated 9/17/06 (1 page) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Officer Humphreys will testify in person | *See* response to defs' objections to Exh 87. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 90 | Plastic "Drug Bindle" (approx. ½" x 1" demonstrative) | (it is unknown whether defendants object) | This Exhibit will be used for demonstrative purposes and relates to Nice's testimony that Burton showed him a drug bindle at NW 13th, which Burton denies doing or even seeing. |
| 91 | Burton's Special/Supplemental Report for Chasse, undated but completed on or after 9/19/06 (MC 230007-23008) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Officer Burton will testify in person | It is not cumulative. As a public report, it is admissible as an exception to the hearsay rule under FRE 808(8). |
| 92 | Burton's Hazard Report for Chasse (MC600061-600062) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Officer Burton will testify in person | It is not cumulative. As a public report, it is admissible as an exception to the hearsay rule under FRE 808(8). |
| 93 | Information Form signed by Humphreys, dated 9/17/06 (1 page) | No objection | |
| 94 | Portland Police Data System (PPDS) Case Involvement for Chasse printout (1 page) | FRE 401 and 402, relevance; 1990 police contact | This Exhibit contains a portion of the computer database which Humphreys accessed while transporting Chasse to jail, in which the 1990 contact with the PPB indicates Chasse was a "mental cared for." It is relevant to Humphreys' knowledge that Chasse was mentally ill. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|-----------|-------------|------------------|----------------|
| 95 | AMR Paramedic Hergert's 9/17/06 Prehospital Care Report (007-009) | FRE 106, remainder; redacted AMR prefix from bates number | There is no evidentiary requirement that "AMR" remains part of the bates number. |
| 96 | Portland Fire Bureau Firefighter/Para medic Koppy's 9/17/06 Prehospital Care Report (100016-100017 CHASSE) | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **97** | AMR Clinical Investigation on 9/18/06: answers to questions posed to AMR Paramedic Tamara Hergert recorded by former AMR Clinical and Education Services Coordinator Tim Hennigan (001012-001015) | FRE 106, remainder; FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 404, improper character evidence; FRE 602, lacks personal knowledge; FRE 801 and 802, inadmissible hearsay; redacted AMR prefix from bates number; *see* def. obj. to pl. witness statement for Tim Hennigan | The Exhibit is from the AMR Clinical Investigation into the death of Chasse. Specifically, it contains highly relevant answers to questions posed to AMR Paramedic Tamara Hergert on 9/18/06 and recorded by former AMR Clinical and Education Services Coordinator Tim Hennigan. As a business record, it is admissible as an exception to the hearsay rule under FRE 808(6). Statements by Hergert as to what Humphreys or Nice said or did not say to her are also admissions by a party-opponent under FRE 801(d)(2) and are not hearsay (e.g. "no one said anything about tasing" - p 001013; "suspect went limp" - p 001014; "thought suspect had died because he turned blue" - *id.*). Statements by Hergert as to what she saw and heard and did are descriptions and explanations of the event made by Hergert immediately after she perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception) (e.g. "had that who are you and what are you doing look on his face" - p 001014). There is no evidentiary requirement that "AMR" remains part of the bates number. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 98 | AMR Clinical Investigation on 9/18/06: answers to questions posed to AMR Paramedic Kevin Stucker recorded by former AMR Clinical and Education Services Coordinator Tim Hennigan (001017, 001019-001021 | *See* defs' objections to Exh 97. | *See* response to Defs' objection to Exh 97. Statements by Stucker as to what Humphreys or Nice said or did not say to him are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Stucker as to what he saw and heard and did are descriptions and explanations of the event made by Stucker immediately after he perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |
| 99 | AMR Clinical Investigation on 9/25/06: answers to questions posed to AMR Paramedic Tamara Hergert recorded by AMR Clinical and Quality Improvement Coordinator Cyndi Halaas (001023-001026, 001028-001030, 001032) | *See* defs' objections to Exh 97; *see* def. obj. to pl. witness statement for Cyndi Halaas | *See* response to Defs' objection to Exh 97. Statements by Hergert as to what Humphreys or Nice said or did not say to him are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Hergert as to what she saw and heard and did are descriptions and explanations of the event made by Hergert immediately after she perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **100** | AMR Clinical Investigation on 9/25/06: answers to questions posed to AMR Paramedic Tamara Hergert and recorded by AMR Clinical and Education Services Director Jan Acebo (001034-001037, 001039-001041) | *See* defs' objections to Exh 97; *see* def. obj. to pl. witness statement for Jan Acebo | *See* response to Defs' objection to Exh 97. Statements by Hergert as to what Humphreys or Nice said or did not say to her are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Hergert as to what she saw and heard and did are descriptions and explanations of the event made by Hergert immediately after she perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |
| **101** | AMR Clinical Investigation on 9/25/06: answers to questions posed to AMR Paramedic Tamara Hergert and recorded by AMR Clinical and Education Services Manager Pontine Rosteck (001044-001047, 001049, 001052-001053) | *See* defs' objections to Exh 97; *see* def. obj. to pl. witness statement for Pontine Rosteck | *See* response to Defs' objection to Exh 97. Statements by Hergert as to what Humphreys or Nice said or did not say to her are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Hergert as to what she saw and heard and did are descriptions and explanations of the event made by Hergert immediately after she perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |

STEENSON SCHUMANN TEWKSBURY CREIGHTON and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **102** | AMR Clinical Investigation on 9/25/06: answers to questions posed to AMR Paramedic Kevin Stucker and recorded by AMR Clinical and Education Services Manager Pontine Rosteck (001054-001057, 00159-0015060, 001062) | *See* defs' objections to Exh 97; *see* def. obj. to pl. witness statement for Pontine Rosteck | *See* response to Defs' objection to Exh 97. Statements by Stucker as to what Humphreys or Nice said or did not say to him are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Stucker as to what he saw and heard and did are descriptions and explanations of the event made by Stucker immediately after he perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |
| **103** | AMR Clinical Investigation on 9/25/06: answers to questions posed to AMR Paramedic Kevin Stucker and recorded by AMR Clinical and Quality Improvement Coordinator Cyndi Halaas (001064-001067, 001069, 001072) | *See* defs' objections to Exh 97; *see* def. obj. to pl. witness statement for Cyndi Halaas | *See* response to Defs' objection to Exh 97. Statements by Stucker as to what Humphreys or Nice said or did not say to him are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Stucker as to what he saw and heard and did are descriptions and explanations of the event made by Stucker immediately after he perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 104 | AMR Clinical Investigation on 9/25/06: questions posed to AMR Paramedic Kevin Stucker with AMR Clinical and Education Services Director Jan Acebo's recorded answers (001076-001080) | *See* defs' objections to Exh 97; *see* def. obj. to pl. witness statement for Jan Acebo | *See* response to Defs' objection to Exh 97. Statements by Stucker as to what Humphreys or Nice said or did not say to him are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Stucker as to what he saw and heard and did are descriptions and explanations of the event made by Stucker immediately after he perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |
| 105 | Map of NW 13th and Everett to Jail to NE 33rd and Clackamas | No objection | |
| 106 | Aerial photograph of jail with parking lot with parking lot on east side of SW 2nd | No objection | |
| 107 | Map of jail area (sequential entry to jail by Humphreys and Burton) (1 page) | No objection | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **108** | Map of jail area (sequential entry to jail by Humphreys and Burton) (1 page) | FRE 401, 402, relevance; FRE 403, prejudice and cumulative; FRE 801, 802 | This map demonstrates that Humphreys parked in the parking lot across from the jail before taking Chasse into the jail. Both sides are using maps to demonstrate locations and routes of travel. Defs' objections make no sense. |
| **109** | Map of jail area (sequential of entry into jail by Humphreys and Burton) (1 page) | FRE 401, 402, relevance; FRE 403, prejudice and cumulative; FRE 801, 802; does not accurately depict where cars enter sallyport | This map demonstrates Humphreys driving into the jail with Chasse. Both sides are using maps to demonstrate locations and routes of travel. Defs' objections make no sense. |
| **110** | Map of jail (blank) | No objection | |
| **111** | Map of jail with patrol cars drawn in by Mult. Co. Corrections Dep. May | No objection | |
| **112** | Enhanced jail (Multnomah County Detention Center) surveillance tape (with video and audio) for 9/17/06, of time Chasse is in jail ("jail tape") | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **112-1** | Freeze frame from jail tape (18:06:47) | FRE 403, cumulative of video | The freeze frames portray particular events during the time Chasse was in jail. They are easier to work with and demonstrate particular factual matters which will be pointed out to the jury without having to stop the playing of the jail tape over and over. |
| **112-2** | Freeze frame from jail tape (18:06:48) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-3** | Freeze frame from jail tape (18:06:50) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-4** | Freeze frame from jail tape (18:07:47) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-5** | Freeze frame from jail tape (18:08:13) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-6** | Freeze frame from jail tape (18:08:42) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-7** | Freeze frame from jail tape (18:11:17) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-8** | Freeze frame from jail tape (18:11:27) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-9** | Freeze frame from jail tape (18:12:01) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-10** | Freeze frame from jail tape (18:12:14) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **112-11** | Freeze frame from jail tape (18:12:15) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-12** | Freeze frame from jail tape (18:12:20) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-13** | Freeze frame from jail tape (18:12:38) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-14** | Freeze frame from jail tape (18:12:55 - 1st in sequence) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-15** | Freeze frame from jail tape (18:12:55 - 2nd in sequence) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-16** | Freeze frame from jail tape (18:13:10) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-17** | Freeze frame from jail tape (18:13:53) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **111-18** | Freeze frame from jail tape (18:14:06) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-19** | Freeze frame from jail tape (18:14:21) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| **112-20** | Freeze frame from jail tape (18:14:41) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 112-21 | Freeze frame from jail tape (18:14:50) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| 112-22 | Freeze frame from jail tape (18:15:33) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| 112-23 | Freeze frame from jail tape (18:15:43) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| 112-24 | Freeze frame from jail tape (18:16:14) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| 112-25 | Freeze frame from jail tape (18:16:50) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| 112-26 | Freeze frame from jail tape (18:16:53) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| 112-27 | Freeze frame from jail tape (18:16:54) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| 112-28 | Freeze frame from jail tape (18:16:56) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| 112-29 | Freeze frame from jail tape (18:16:57 - 1st in sequence) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| 112-30 | Freeze frame from jail tape (18:16:57 - 2nd in sequence) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 112-31 | Freeze frame from jail tape (18:17:01) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| 112-32 | Freeze frame from jail tape (18:18:27) | FRE 403, cumulative of video | *See* response to defs' objections to Exh 112-1. |
| 113 | Reserved (for possible supplemental Exh) | | |
| 114 | Spit sock (new) | No objection | |
| 115 | Reserved (for possible supplemental Exh) | | |
| 116 | Spit sock (used on Chasse) | No objection | |
| 117 | Photograph of spit sock (used on Chasse) | No objection | |
| 118 | Photograph of spit sock showing opening (used on Chasse) | No objection | |
| 119 | Special Report by Gresham Police Dept. Officer Christopher Beetham, dated 9/17/06 (CHASSE102088) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Officer Beetham will testify in person | It is not cumulative. As a public report, it is admissible as an exception to the hearsay rule under FRE 808(8). |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **120** | Information Report by Mult. Co. Corrections Deputy Brian Branch, dated 9/17/06 (CHASSE1013 71) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Deputy Branch will testify in person | *See* response to defs' objections to Exh 119. |
| **121** | Information Report by Mult. Co. Corrections Health Nurse Patricia Gayman, dated 9/17/06 | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Nurse Gayman will testify in person | *See* response to defs' objections to Exh 119. |
| **122** | Special Report by PPB Sgt. Jose Gonzalez, dated 9/17/06 (CHASSE1015 59-101560) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Sgt. Gonzalez will testify in person | *See* response to defs' objections to Exh 119. |
| **123** | Special Report by Gresham Police Dept. Officer Robert Harley, dated 9/17/06 (CHASSE1020 69) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Officer Harley will testify in person | *See* response to defs' objections to Exh 119. |
| **124** | Information Report by Mult. Co. Corrections Deputy Thomas Hollenbeck dated 9/17/06 | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Deputy Hollenbeck will testify in person | *See* response to defs' objections to Exh 119. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 125 | Information Report by Mult. Co. Corrections Deputy Philip Hubert, dated 9/17/06 | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Deputy Hubert will testify in person | *See* response to defs' objections to Exh 119. |
| 126 | Information Report by Mult. Co. Corrections Sgt. Kathleen Martinez, dated 9/17/06 | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Sgt. Martinez will testify in person | *See* response to defs' objections to Exh 119. |
| 127 | Information Report by Mult. Co. Corrections Deputy Judith May, dated 9/17/06 | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Deputy May will testify in person | *See* response to defs' objections to Exh 119. |
| 128 | Information Report by Mult. Co. Corrections Deputy Martin McElhaney, dated 9/17/06 | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Deputy McElhaney will testify in person | *See* response to defs' objections to Exh 119. |
| 129 | Diagram by Mult. County Corrections Health Nurse Gayman of cell with Chasse on floor (1 page) | No objection | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **130** | Diagram of outside of jail by PPB Sgt. Jose Gonzalez (where Humphreys/Burton and Gonzalez parked) (1 page) | No objection | |
| **131** | Photograph of jail (sallyport with two police cars parked) | No objection | |
| **132** | Photograph of jail (looking from sallyport towards door to enter booking area) | No objection | |
| **133** | Photograph of jail booking area (looking along rear of booking counter) | No objection | |
| **134** | Photograph of jail booking area (looking from behind booking counter at an angle towards front of counters, including view of "ISO -1" door) | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and    ROSE,    PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **135** | Photograph of jail booking area (looking from front of booking counter to behind counter) | No objection | |
| **136** | Photograph of jail booking area (doors to "ISO-1" and "ISO-2" with covers over bottom windows) | No objection | |
| **137** | Photograph of jail booking area (door to "ISO-1" with cover over bottom window) | No objection | |
| **138** | Photograph of jail booking area (door to "ISO-1" with no cover over bottom window) | No objection | |
| **139** | Photograph of jail booking area (inside of "ISO-1") | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **140** | Reserved (for possible supplemental Exh) | | |
| **141** | Reserved (for possible supplemental Exh) | | |
| **142** | Map of jail area with Humphreys and Burton parked, talking to PPB Sgt. Gonzalez before leaving for hospital | No objection | |
| **143** | Map (NW 13th to Hospitals) | FRE 401, 402; FRE 403; FRE 801, 802 | The map demonstrates some of the closest, available hospitals from NW 13th to which Nice and Humphreys should have made sure Chasse was transported. It is relevant and is not hearsay. |
| **144** | Map (Jail to Hospitals) | FRE 401, 402; FRE 403; FRE 801, 802 | The map demonstrates some of the closest, available hospitals from the jail to which Humphreys should have made sure Chasse was transported. It is relevant and is not hearsay. |
| **145** | Map (Jail to NE 33rd and Clackamas) | FRE 401, 402; FRE 403; FRE 801, 802 | The map demonstrates the route Humphreys was taking to Portland Adventist from the jail. It is relevant and is not hearsay. |
| **146** | Map (NE 33rd and Clackamas to Hospitals) | FRE 401, 402; FRE 403; FRE 801, 802 | The map demonstrates close proximity of hospitals to which Humphreys could have taken Chasse rather than parking at NE 33rd and Clackamas and further delaying medical treatment for Chasse. It is relevant and is not hearsay. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 147 | Map (NE 33rd and Clackamas to Providence) | FRE 401, 402; FRE 403; FRE 801, 802 | The map demonstrates close proximity of Providence Hospital to which Humphreys could have taken Chasse, and which the AMR paramedics at NE 33rd and Clackamas, did take Chasse. It is relevant and is not hearsay. |
| 148 | Special Report by PPB Sgt. Vic Dody, dated 9/17/06, re: Chasse (CHASSE101373) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Sgt. Dody will testify in person | It is not cumulative. As a public report, it is admissible as an exception to the hearsay rule under FRE 808(8). |
| 149 | Diagram of NE 33rd and Clackamas by PPB Sgt. Vic Dody (1 page) | No objection | |
| 150 | Special Report by PPB Officer Gary Manougian, dated 9/17/06, re: Chasse (CHASSE101376-101377) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Officer Manougian will testify in person | *See* response to defs' objections to Exh 148. |
| 151 | Special Report by PPB Sgt. Jason Pearce, dated 9/17/06, re: Chasse (CHASSE101374) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Sgt. Pearce will testify in person | *See* response to defs' objections to Exh 119. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **152** | Diagram of NE 33rd and Clackamas by civilian witness Michael Gentry (1 page) | No objection | |
| **153** | Diagram of NE 33rd and Clackamas by AMR Paramedic James Hunter (1 page) | No objection | |
| **154** | AMR Paramedic Corrigal's 9/17/06 Prehospital Care Report (000001-000004) | FRE 106, remainder; redacted AMR prefix from bates number | There is no evidentiary requirement that "AMR" remains part of the bates number. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **155** | AMR Clinical Investigation on 9/19/06: answers to questions posed to AMR Paramedic James Hunter and recorded by former AMR Clinical and Education Services Coordinator Tim Hennigan (001090-001091) | FRE 106, remainder; FRE 402, relevance; FRE 403, more prejudicial than probative; FRE 404, improper character evidence; FRE 602, lacks personal knowledge; FRE 801 and 802, inadmissible hearsay; redacted AMR prefix from bates number; *see* def. obj. to pl. witness statement for Tim Hennigan | The Exhibit is from the AMR Clinical Investigation into the death of Chasse. Specifically, it contains highly relevant answers to questions posed to AMR Paramedic James Hunter on 9/19/06 and recorded by former AMR Clinical and Education Services Coordinator Tim Hennigan.  As a business record, it is admissible as an exception to the hearsay rule under FRE 808(6). Statements by Hunter as to what Humphreys or Nice said or did not say to him are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay (e.g. "no one said anything about tasing" - p 001013; "suspect went limp" - p 001014; "thought suspect had died because he turned blue" - *id.*).  Statements by Hunter as to what he saw and heard and did are descriptions and explanations of the event made by Hunter immediately after he perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception) (e.g. "had that who are you and what are you doing look on his face" - p 001014). There is no evidentiary requirement that "AMR" remains part of the bates number. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,   PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **156** | AMR Clinical Investigation on 9/19/06: answers to questions posed to AMR Paramedic Lori Corrigal and recorded by AMR Clinical and Education Services Coordinator Tim Hennigan (001097-001098) | *See* defs' objections to Exh 155; *see* def. obj. to pl. witness statement for Tim Hennigan | *See* response to Defs' objection to Exh 155. Statements by Corrigal as to what Humphreys or Nice said or did not say to her are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Corrigal as to what she saw and heard and did are descriptions and explanations of the event made by Corrigal immediately after she perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |
| **157** | AMR Clinical Investigation on 9/25/06: answers to questions posed to AMR Paramedic James Hunter and recorded by AMR Clinical and Quality Improvement Coordinator Cyndi Halaas (001106-001113) | *See* defs' objections to Exh 155; *see* def. obj. to pl. witness statement for Cyndi Halaas | *See* response to Defs' objection to Exh 155. Statements by Hunter as to what Humphreys or Nice said or did not say to him are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Hunter as to what he saw and heard and did are descriptions and explanations of the event made by Hunter immediately after he perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **158** | AMR Clinical Investigation on 9/19/06: answers to questions posed to AMR Paramedic James Hunter and recorded by AMR Clinical and Education Services Director Jan Acebo (1 page, 001115-001116, 001118 001120-001122) | *See* defs' objections to Exh 155; *see* def. obj. to pl. witness statement for Jan Acebo | *See* response to Defs' objection to Exh 155. Statements by Hunter as to what Humphreys or Nice said or did not say to him are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Hunter as to what he saw and heard and did are descriptions and explanations of the event made by Hunter immediately after he perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |
| **159** | AMR Clinical Investigation on 9/25/06: answers to questions posed to AMR Paramedic James Hunter and recorded by AMR Clinical and Education Services Manager Pontine Rosteck (001124-001126, 001128-001131) | *See* defs' objections to Exh 155; *see* def. obj. to pl. witness statement for Pontine Rosteck | *See* response to Defs' objection to Exh 155. Statements by Hunter as to what Humphreys or Nice said or did not say to him are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Hunter as to what he saw and heard and did are descriptions and explanations of the event made by Hunter immediately after he perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **160** | AMR Clinical Investigation on 9/19/06: answers to questions posed to AMR Paramedic Lori Corrigal and recorded by AMR Clinical and Education Services Director Jan Acebo (001133, 001135-001139) | *See* defs' objections to Exh 155; *see* def. obj. to pl. witness statement for Jan Acebo | *See* response to Defs' objection to Exh 155. Statements by Corrigal as to what Humphreys or Nice said or did not say to her are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Corrigal as to what she saw and heard and did are descriptions and explanations of the event made by Corrigal immediately after she perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |
| **161** | AMR Clinical Investigation on 9/25/06: answers to questions posed to AMR Paramedic Lori Corrigal and recorded by AMR Clinical and Education Services Manager Pontine Rosteck (001141-001146, 001147-001149) | *See* defs' objections to Exh 155; *see* def. obj. to pl. witness statement for Pontine Rosteck | *See* response to Defs' objection to Exh 155. Statements by Corrigal as to what Humphreys or Nice said or did not say to her are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Corrigal as to what she saw and heard and did are descriptions and explanations of the event made by Corrigal immediately after she perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 162 | AMR Clinical Investigation on 9/25/06: answers to questions posed to AMR Paramedic Lori Corrigal and recorded by AMR Clinical and Quality Improvement Coordinator Cyndi Halaas (001151-001156, 001158) | *See* defs' objections to Exh 155; *see* def. obj. to pl. witness statement for Cyndi Halaas | *See* response to Defs' objection to Exh 155. Statements by Corrigal as to what Humphreys or Nice said or did not say to her are admissions by a party-opponent under FRE 801(d)(2) and are not hearsay. Statements by Corrigal as to what she saw and heard and did are descriptions and explanations of the event made by Corrigal immediately after he perceived the event, and thus an exception to the hearsay rule under 803(1) or under FRE 807 (residual exception). |
| 163 | Reserved (for possible supplemental Exh) | | |
| 164 | Reserved (for possible supplemental Exh) | | |
| 165 | Medical Examiner (M.D.) Karen Gunson's Autopsy Report for James P. Chasse, Jr. (13 pages) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Dr. Gunson, the State Medical Examiner, will testify in person | It is not cumulative. As a public report, it is admissible as an exception to the hearsay rule under FRE 808(8). |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **166a** | Toxicology results for Chasse, connected with his autopsy (1 page) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; the report is hearsay - Dr. Gunson relied on it, but did not prepare it - it was prepared by an outside vendor for the Medical Examiner; Dr. Gunson, will testify in person | It is not cumulative.  As a business record containing information that Chasse had no alcohol or illegal drugs in his system, it is admissible as an exception to the hearsay rule under FRE 808(6). |
| **166 b** | Toxicology results for Chasse, dated 1/09 (21 pages) | *See* defs' objections to Exh 166a. | It is not cumulative.  As a business record containing information that Chasse had no alcohol, illegal drugs or Zyprexa (his medication) in his system, it is admissible as an exception to the hearsay rule under FRE 808(6). |
| **167-1** | Autopsy photograph | FRE 403, more prejudicial than probative. Dr. Gunson has designated photos she needs for her testimony: Def. Exs. 623-629 and 631-646; this photo is not among those. | Plaintiffs intend to use only the autopsy photographs that may be necessary in connection with the testimony of various witnesses, including Dr. Gunson, other medical experts, and some lay witnesses.  Dr. Gunson may have "designated the photographs she needs for her testimony" when called by defs but that does not limit the photographs she can use at trial. |
| **167-2** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-3** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-4** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-5** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-6** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and  ROSE,   PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **167-7** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-8** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-9** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-10** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-11** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-12** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-13** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-14** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-15** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-16** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-17** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-18** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-19** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-20** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-21** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **167-22** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-23** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-24** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-25** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-26** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-27** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-28** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-29** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-30** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-31** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-32** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-33** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-34** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-35** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-36** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **167-37** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-38** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-39** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-40** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-41** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-42** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-43** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-44** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-45** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-46** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-47** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-48** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-49** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-50** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-51** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **167-52** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-53** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-54** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-55** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-56** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-57** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-58** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-59** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-60** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-61** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-62** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-63** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-64** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-65** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-67** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **167-68** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-69** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-70** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-71** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-72** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-73** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-74** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-75** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-76** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-77** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-78** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-79** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-80** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-81** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-82** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **167-83** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-84** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-85** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-86** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-87** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-88** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-89** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-90** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-91** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-92** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-93** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-94** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-95** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-96** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-97** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **167-98** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-99** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-100** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-101** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-102** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-103** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-104** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-105** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-106** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-107** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-108** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-109** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-110** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-111** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-112** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE,    PC
815 SW 2nd Ave #500
Portland, OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **167-113** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-114** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-115** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **1671-16** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-117** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-118** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-119** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-120** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-121** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-122** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-123** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-124** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-125** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-126** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-127** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **167-128** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-129** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **167-130** | Autopsy photograph | *See* defs' objections to Exh 167-1 | *See* response to defs' objections to Exh 167-1 |
| **168** | Oregon State Medical Examiner's Office Department of State Police "Security Sign-In" for autopsy of Chasse (Pltf 02191) | No objection | |
| **169** | Certificate of Death for Chasse (1 page) | No objection | |

PLAINTIFFS' AMENDED EXHIBIT LIST

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **170** | Humphreys' Use of Force Reports – dated 8/5/04 - 8/30/05 | FRE 401 and 402, relevance; FRE 403, more prejudicial than probative, cumulative; FRE 801 and 802, inadmissible hearsay; Def. MIL #1; Officer Humphreys will testify in person; Pls. counsel represented to the court at the 12/09/2009 hearing that Officer Humphreys' prior uses of force was not at issue in first trial (see docket no. 799 at 17/19-/19/18). | Plaintiffs intend to present evidence demonstrating that Humphreys unreasonably and deliberately used force more frequently and more severely than was necessary to do his job during the time period including and leading up to Chasse's death. In part, that will be done by comparing his much, much higher and much, much more severe use of force prior to and including Chasse's death to the radical decrease in his use of force after Chasse's death. Such evidence is relevant on the issue of whether his use of force on Chasse was unreasonable and/or deliberately indifferent and is admissible under FRE 404(b) (proof of motive, intent, and absence of mistake or accident). It is also relevant on the issue of punitive damages against him and likewise admissible under FRE 404(b). As public records or reports, his Use of Force Reports are admissible as exceptions to the hearsay rule under FRE 808(8). Plaintiffs' counsel *did not* represent that Humphreys' use of force history had no relevancy. *See* Joint Pretrial Order, ¶ 25, p 13; Endnote # 4. |
| **171** | Humphreys' Use of Force Report, dated 8/30/05 re: arrest of Lee Hill (CHASSE10811 3-108114,10080 8-100809) | *See* defs' objections to Exh 170. | Following the injury Humphreys received on 8/30/05 when he "tackled" Lee Hill, his use of force in terms of frequency and severity drastically increased through the time of Chasse's death. *See* response to defs' objections to Exh 170, including Endnote # 4. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **172** | Inter-Office Memorandum, dated 9/30/05, from Sergeant Dakin to Asst. Chief Grubbs re: arrest of Lee Hill and injury to Humphreys during arrest when he tackled Hill (CHASSE1008 06-10087) | FRE 401 and 402, relevance; FRE 403, more prejudicial than probative, cumulative; FRE 801 and 802, inadmissible hearsay; Def. MIL #1; not related to any claim or defense of any party, thus likely to lead to confusion of issues and mislead the jury; Pls. counsel represented to the court at the 12/09/2009 hearing that Officer Humphreys' prior uses of force was not at issue in first trial (see docket no. 799 at 17/19-/19/18); not related to any claim or defense | This Exhibit contains evidence of Humphreys' arrest of Lee Hill and injury to Humphreys during the arrest when he tackled him. *See* responses to defs' objections to Exhs 170 and 171, including Endnote # 4. |
| **173** | Humphreys' Work Status Reports, dated 9/1/05 and 9/2/05, re: 8/30/05 injury, and PPB Officer Mendenhall's Continuation Report re: injury to Humphreys during arrest (CHASSE1008 08-100809, 108104-108108) | *See* defs' objections to Exh 172 | *See* response to defs' objections to Exh 172, including Endnote # 4. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **174** | Humphreys' Use of Force Reports – dated 10/2/05 - 9/10/06 | *See* defs' objections to Exh 170. | *See* response to defs' objections to Exh 172, including Endnote # 4. |
| **175** | Humphreys' Use of Force Reports – dated 1/6/07 - 11/14/09 | *See* defs' objections to Exh 170. | *See* response to defs' objections to Exh 172, including Endnote # 4. |
| **176** | Summary of Humphreys' Use of Force Reports – 8/5/04 - 11/14/09 | *See* defs' objections to Exh 170. | *See* response to defs' objections to Exh 172, including Endnote # 4. |
| **177a** | Graph of Humphreys' Use of Force Reports | *See* defs' objections to Exh 170. | *See* response to defs' objections to Exh 172, including Endnote # 4. |
| **177 b** | Graph of Humphreys' Use of Force Reports | *See* defs' objections to Exh 170. | *See* response to defs' objections to Exh 172, including Endnote # 4. |
| **178** | Identification Division Special Report by PPB Criminalist Joel Mann, dated 9/17/06 re: homicide investigation into Chasse's death (CHASSE101350) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Criminalist Mann will testify in person | It is not cumulative.  As a public report, it is admissible as an exception to the hearsay rule under FRE 808(8). |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **179** | Reserved (for possible supplemental Exh) | | |
| **180** | Reserved (for possible supplemental Exh) | | |
| **181** | Reserved (for possible supplemental Exh) | | |
| **182** | Reserved (for possible supplemental Exh) | | |
| **183** | Reserved (for possible supplemental Exh) | | |
| **184** | Identification Division Special Report by PPB Criminalist Mark Johnson re: homicide investigation into Chasse's death (CHASSE1013 53-101354) | FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Criminalist Johnson will testify in person | It is not cumulative. As a public report, it is admissible as an exception to the hearsay rule under FRE 808(8). |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **185-1** | Photograph of Humphreys' patrol car on 9/17/06 (exterior at NE 33rd and Clackamas) | No objection | |
| **185-2** | Photograph of Humphreys' patrol car on 9/17/06 (exterior at NE 33rd and Clackamas) | No objection | |
| **185-3** | Photograph of Humphreys' patrol car on 9/17/06 (exterior at NE 33rd and Clackamas) | No objection | |
| **185-4** | Photograph of Humphreys' patrol car on 9/17/06 (exterior at NE 33rd and Clackamas) | No objection | |
| **185-5** | Photograph of Humphreys' patrol car on 9/17/06 (exterior at NE 33rd and Clackamas) | No objection | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 185-6 | Photograph of Humphreys' patrol car on 9/17/06 (exterior at NE 33rd and Clackamas) | No objection | |
| 185-7 | Photograph of Nice's patrol car on 9/17/06 (exterior at NE 33rd and Clackamas) | No objection | |
| 185-8 | Photograph of Humphreys' patrol car on 9/17/06 (exterior at NE 33rd and Clackamas) | No objection | |
| 185-9 | Photograph of Humphreys' patrol car on 9/17/06 (exterior at NE 33rd and Clackamas) | No objection | |
| 185-10 | Photograph of Humphreys' patrol car on 9/17/06 (hood, with markers 1 and 2, at NE 33rd and Clackamas) | No objection | |

STEENSON SCHUMANN TEWKSBURY CREIGHTON and ROSE, PC 815 SW 2nd Ave #500 Portland, OR 97204 Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 185-11 | Photograph of Humphreys' patrol car (hood, with marker 1, at NE 33rd and Clackamas) | No objection | |
| 185-12 | Photograph of Humphreys' patrol car (hood, with marker 1 and Chasse's Oregon Identification Card, at NE 33rd and Clackamas) | No objection | |
| 185-13 | Photograph of Humphreys' patrol car on 9/17/06 (hood, with marker 2, key and coin, at NE 33rd and Clackamas) | No objection | |
| 185-14 | Photograph of Humphreys' patrol car on 9/17/06 (open trunk, with miscellaneous items, including Chasse's backpack, at Rivergate Garage) | No objection | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 185-15 | Photograph of Humphreys' patrol car on 9/17/06 (open trunk, with miscellaneous items, including Chasse's backpack, at Rivergate Garage) | No objection | |
| 185-16 | Photograph of Humphreys' patrol car on 9/17/06 (open trunk, with miscellaneous items, including Chasse's backpack, at Rivergate Garage) | No objection | |
| 185-17 | Photograph of display of Chasse's backpack with some items taken by police | No objection | |
| 185-18 | Photograph of display of some items taken out of Chasse's backpack by police | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **185-19** | Photograph of display of some items taken out of Chasse's backpack by police | No objection | |
| **185-20** | Photograph of display of some items taken out of Chasse's backpack by police | No objection | |
| **185-21** | Photograph of display of book - "The Golden Age Spectre" - taken out of Chasse's backpack by police | No objection | |
| **185-22** | Photograph of display of comic book - "Ghosts" - taken out of Chasse's backpack taken by police | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 185-23 | Photograph of display of tennis shoes Chasse was wearing, taken from him and placed in plastic bag by at jail by Mult. Co. Corrections Dep. | No objection | |
| 185-24 | Photograph of Humphreys' patrol car on 9/17/06 (left rear passenger door open at NE 33rd and Clackamas) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |
| 185-25 | Photograph of Humphreys' patrol car on 9/17/06 (left rear passenger door open at NE 33rd and Clackamas) | No objection | |
| 185-26 | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (right rear passenger door open at Rivergate Garage) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **185-27** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (looking into rear through open right rear passenger door at Rivergate Garage) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |
| **185-28** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (right rear passenger door open at Rivergate Garage) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |
| **185-29** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (right rear passenger door, with marker 5, at NE 33rd and Clackamas) | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **185-30** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (right rear passenger door, with closeup of marker 5, at NE 33rd and Clackamas) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |
| **185-31** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (right rear passenger door open at NE 33rd and Clackamas) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |
| **185-32** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (looking through open right rear passenger door with spit sock on top of seat belt at NE 33rd and Clackamas) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **185-33** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (closeup of right rear passenger seat with spit sock on top of seat belt at NE 33rd and Clackamas) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |
| **185-34** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (looking through open right rear passenger door, with markers 5 and 6, at NE 33rd and Clackamas) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |
| **185-35** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (closeup of marker 6 and spit sock on right rear passenger seat at NE 33rd and Clackamas) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **185-36** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (looking through open right rear passenger door at seat and floor at Rivergate Garage) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |
| **185-37** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (closeup looking through open right rear passenger door at seat and floor at Rivergate Garage) | No objection | |
| **185-38** | Photograph of Humphreys' patrol car on 9/17/06 (closeup looking grate on window at spit sock on seat belt on right rear passenger seat at NE 33rd and Clackamas) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 185-39 | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (looking at spit sock on seat belt on right rear passenger seat at NE 33rd and Clackamas) | No objection | |
| 185-40 | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (angled look at floor and back of right front seat at Rivergate Garage) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |
| 185-41 | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (different angled look at floor and back of right front seat at Rivergate Garage) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 185-42 | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (different angled look at floor and back of right front seat at Rivergate Garage) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |
| 185-43 | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (different look at floor and back of right front seat at Rivergate Garage) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |
| 185-44 | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (seat belt receptor for passenger seat at Rivergate Garage) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **185-45** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (seat belt on passenger seat at Rivergate Garage) | No objection | |
| **185-46** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (angled look at floor and back of bottom of front seat at Rivergate Garage) | No objection | |
| **185-47** | Photograph of Chasse's blood in Humphreys' patrol car on 9/17/06 (at NE 33rd and Clackamas) | FRE 401, 402, FRE 403 | The Exhibit evidences the loss of blood by Chasse in Humphreys' patrol car. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **186** | Identification Division Special Report by Criminalist Heather Singh (Durham), dated 9/18/06 re: homicide investigation into Chasse's death (CHASSE1013 51-101352) | FRE 401 and 402, relevance; FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Criminalist Durham will testify in person | It is relevant and not cumulative. As a public report, it is admissible as an exception to the hearsay rule under FRE 808(8). |
| **187** | Property/Evidence Receipts re: homicide investigation into Chasse's death (CHASSE1015 23-101551) | FRE 401 and 402, relevance; FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Criminalists will testify in person | *See* response to Defs' objections to Exh 186. |
| **188** | Identification Division Special Report by Criminalist Ken Jones, dated 9/18/06 re: homicide investigation into Chasse's death (CHASSE1013 55) | FRE 401 and 402, relevance; FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Criminalist Jones will testify in person | *See* response to Defs' objections to Exh 186. |

PLAINTIFFS' AMENDED EXHIBIT LIST

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **189** | Identification Division Special Report by Criminalist Ken Jones, dated 9/18/06 re: homicide investigation into Chasse's death (CHASSE1013 58) | FRE 401 and 402, relevance; FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Criminalist Jones will testify in person | *See* response to Defs' objections to Exh 186. |
| **190** | Identification Division Special Report by Criminalist Ken Jones, dated 9/26/06 re: homicide investigation into Chasse's death (CHASSE1013 60) | FRE 401 and 402, relevance; FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Criminalist Jones will testify in person | *See* response to Defs' objections to Exh 186. |
| **191** | Reserved (for possible supplemental Exh) | | |
| **192** | Reserved (for possible supplemental Exh) | | |
| **193** | Reserved (for possible supplemental Exh) | | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **194** | Evidence envelope (manila), signed by PPB Det. John Rhodes, re: homicide investigation into Chasse's death - "#1. possible cont. subst." | FRE 401 and 402, relevance; FRE 403, likely to lead to waste of time, confusion of issues and mislead the jury; not related to any claim or defense of any party | There is extensive evidence that plaintiffs will present at trial proving that Nice and Humphreys falsely accused Chasse of having drugs on him and fabricated (a) the existence of cocaine, knowing it was bread crumbs from a sandwich or piece of bread Chasse was eating, (b) the existence of a "drug bindle" or "drug vial" that was found on Chasse or in his backpack, and (c) that Chasse had 14 prior cocaine convictions.  This exhibit is an evidence envelop created by Humphreys and supposedly containing the alleged cocaine that Humphreys *claimed* to have found where Chasse was standing on the sidewalk between NW 14th and NW 13th on NW Everett.  It is highly relevant on the issue of whether Humphreys was trying to misdirect the AMR paramedics into thinking Chasse was just another homeless "druggie" rather that a confused man suffering from extreme traumatic injuries.  It is also relevant on the issue of the officers' deliberate indifference to plaintiffs' rights and on punitive damages.  *See* Endnote # 5. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE,  PC
815 SW 2nd Ave #500
Portland, OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **195** | Evidence envelope (clear), from inside of evidence envelope (manila), signed by PPB Det. John Rhodes, re: homicide investigation into Chasse's death - "#1. possible cont. subst." | *See* defs' objections to Exh 194. | *See* response to defs' objections to Exh 194, including Endnote # 5. |
| **196** | Reserved (for possible supplemental Exh) | | |
| **197** | Reserved (for possible supplemental Exh) | | |
| **198** | Reserved (for possible supplemental Exh) | | |
| **199** | Reserved (for possible supplemental Exh) | | |
| **200** | Reserved (for possible supplemental Exh) | | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **201** | Reserved (for possible supplemental Exh) | | |
| **202** | Reserved (for possible supplemental Exh) | | |
| **203** | Reserved (for possible supplemental Exh) | | |
| **204a** | Photographs of Humphreys' boots (front) | No objection | |
| **204 b** | Photographs of Humphreys' boots (front) | No objection | |
| **205** | Reserved (for possible supplemental Exh) | | |
| **206a** | Photograph of Nice's boots (front) | No objection | |
| **206 b** | Photographs of Nice's boots (back) | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 207 | Book - "Excited Delirium Syndrome - Cause of Death and Prevention," by Theresa G. Di Maio and Vincent J.M. Di Maio | (it is unknown whether defendants object) | Under FRE 803(18), the book is not hearsay if established as a learned treatise and can be used at trial in accordance with the provisions of the rule. |
| 208 | Book - "Forensic Pathology" (2nd Ed), by Vincent J.M. Di Maio and Dominick Di Maio | (it is unknown whether defendants object) | *See* response to Defs' objections to Exh 186. |
| 209 | "White Paper Report on Excited Delirium Syndrome," dated 9/10/09, presented by the Excited Delirium Task Force of the American College of Emergency Physicians | (it is unknown whether defendants object) | *See* response to Defs' objections to Exh 186. |
| 210 | Reserved (for possible supplemental Exh) | | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **211** | Reserved (for possible supplemental Exh) | | |
| **212** | Reserved (for possible supplemental Exh) | | |
| **213** | Information re: Police Officers – Unit (Patrol Car) #s and DPSST #s | No objection | |
| **214** | Portland Police Bureau ("PPB") "Foot Pursuits" Summary (CHASSE1175 83-117593) | FRE 401, FRE 402, irrelevant; FRE 403, likely to confuse the issues and mislead the jury; *see* defs' footnote 1 (attached as Appendix A) | This Exhibit contains a summary of the PPB training on foot pursuits which Humphreys had received prior to his pursuit and takedown of Chasse.  It is highly relevant on the issue of whether Humphreys acted reasonably (Claim Two), whether he acted with deliberate indifference (Claim Four), and on the issue of punitive damages against him. *See* Endnote # 3.  Additionally, the Court has ruled that the claim against Sizer, Potter and the City (under *Monell*) for not having the "severity of the crime" factor in the PPB foot pursuit and use of force policies is to be tried in the first case.  That makes the PPB training and policies on those matters relevant.  *See* Joint Pretrial Order, ¶¶ 26, 27 and 29; Endnote # 3. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **215** | PPB Executive Order, dated 7/13/06, to all members from Chief Sizer re: "New Directive # 630.15 Foot Pursuits" (5 pages) | *See* defs' objections to Exh 214. | This Exhibit is the Executive Order which Humphreys received placing him on notice as to the PPB's new policy on foot pursuits which Humphreys was required to follow at the time of his pursuit and takedown of Chasse. It is highly relevant on the issue of whether Humphreys acted reasonably (Claim Two), whether he acted with deliberate indifference (Claim Four), and on the issue of punitive damages against him. *See* Endnote # 3. Additionally, the Court has ruled that the claim against Sizer, Potter and the City (under *Monell*) for not having the "severity of the crime" factor in the PPB foot pursuit and use of force policies is to be tried in the first case. That makes the PPB training and policies on those matters relevant. *See* Joint Pretrial Order, ¶¶ 26, 27 and 29; Endnote # 3. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **216** | 2006 PPB Policy and Procedure Directive # 630.15 - "Foot Pursuits" (pages 161-164) | *See* defs' objections to Exh 214. | This Exhibit is the PPB policy on foot pursuits which Humphreys was required to follow at the time of his pursuit and takedown of Chasse. It is highly relevant on the issue of whether Humphreys acted reasonably (Claim One), whether he acted with deliberate indifference (Claim One), and on the issue of punitive damages against him. *See* Endnote # 3. Additionally, the Court has ruled that the claim against Sizer, Potter and the City (under *Monell*) for not having the "severity of the crime" factor in the PPB foot pursuit and use of force policies is to be tried in the first case. That makes the PPB training and policies on those matters relevant. *See* Joint Pretrial Order, ¶¶ 26, 27 and 29; Endnote # 3. |
| **217** | 2006 PPB Policy and Procedure Directive # 630.40 - "Medical Service Policy, Emergency and Non-Emergency" (pages 161-163) | *See* defs' objections to Exh 214. | This Exhibit is a PPB policy of emergency and non-emergency medical treatment for those in police custody which Nice and Humphreys were required to follow at the time of their interaction with Chasse. It is highly relevant on the issue of whether Nice and Humphreys acted reasonably (Claim Two), whether they acted with deliberate indifference (Claim Four), and on the issue of punitive damages against them. *See* Endnote # 3. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **218** | 2006 PPB Policy and Procedure # 1010.10 - "Post Use of Force Medical Attention" (1 page) | *See* defs' objections to Exh 214. | This Exhibit is a PPB policy on medical attention for those in police custody who have had force used on them, which Nice and Humphreys were required to follow at the time of their interaction with Chasse.  It is highly relevant on the issue of whether Nice and Humphreys acted reasonably (Claim Two), whether they acted with deliberate indifference (Claim Four), and on the issue of punitive damages against them.  *See* Endnote # 3. |
| **219** | 2006 PPB Policy and Procedure # 1010.20 - "Post Use of Force Medical Attention" (pages 458-459) | *See* defs' objections to Exh 214. | This Exhibit is a PPB policy on medical attention for those in police custody who have had force used on them, which Nice and Humphreys were required to follow at the time of their interaction with Chasse.  It is highly relevant on the issue of whether Nice and Humphreys acted reasonably (Claim Two), whether they acted with deliberate indifference (Claim Four), and on the issue of punitive damages against them. *See* Endnote # 3. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **220** | PPB Training Division Training Bulletin, dated 1/12/98, re" "What is 'Sudden Death Syndrome' (SDS)?" (CHASSE1201 48-120151) | *See* defs' objections to Exh 214. | This Exhibit is a PPB Training Division Training Bulletin on what "Sudden Death Syndrome" is, including what "Excited Delirium" is. It also informs an officer, as part of his training, that he "shall ... arrange for the person to be transported by ambulance ... [and] inform the medical personnel of your concerns and observations as soon as practicable after the medical personnel make contact with the SDS sufferer." Nice and Humphreys are claiming that Chasse died from "Excited Delirium Syndrome," yet they failed to follow their training and have been disciplined for that. *See* Pls' Exhs 44-46. The Exhibit is highly relevant on the issue of whether Nice and Humphreys acted reasonably (Claim Two), whether they acted with deliberate indifference (Claim Four), and on the issue of punitive damages against them. *See* Endnote # 3. |

STEENSON SCHUMANN TEWKSBURY CREIGHTON and ROSE, PC 815 SW 2nd Ave #500 Portland, OR 97204 Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **221** | 2006 PPB Policy and Procedure Directive # 1051.10 - "Conditions and Behaviors Requiring Medical Treatment After Deployment [of Taser]" (page 481) | *See* defs' objections to Exh 214. | This Exhibit is a PPB policy on the requirement to transport someone in police custody to the hospital when they have been tasered and exhibit certain "Conditions and Behaviors," such as emotional instability, non purposeful movements, pale skin, severe agitation, overamped or wired, paranoia, delirium, altered mental status, and confusion or disorientation. Nice and Humphreys are claiming that Chasse died from "Excited Delirium Syndrome," yet they failed to follow the policy to have Chasse transported by ambulance from NW 13th to the hospital. *See* Pls' Exhs 44-46. The Exhibit is highly relevant on the issue of whether Nice and Humphreys acted reasonably (Claim Two), whether they acted with deliberate indifference (Claim Four), and on the issue of punitive damages against them. *See* Endnote # 3. |
| **222** | 2006 PPB Policy and Procedure Directive # 850.20 - re: "mental illness" (pages 372-376) | *See* defs' objections to Exh 214. | This Exhibit is a PPB policy on mental illness which Nice and Humphreys were required to follow at the time of their interaction with Chasse. It is highly relevant on the issue of whether Nice and Humphreys acted reasonably (Claims One and Two), whether they acted with deliberate indifference (Claim Four), and on the issue of punitive damages against them. *See* Endnote # 3. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 223 | Christopher Humphreys' notes on "Mental Illness" training he received in 1999, specific to "Schizophrenia" (CHASSE 122066) | FRE 106, remainder; FRE 401, FRE 402, irrelevant; FRE 403, likely to confuse the issues and mislead the jury; FRE 801 and 802, inadmissible hearsay; Def. MIL # 13; Officer Humphreys will testify in person; *see* defs' footnote 2 (attached as Appendix A) | Humphreys admits that when he first saw Chasse on NW 18th, he believed Chasse may have been mentally ill. He believed that because Chasse was acting strange, rocking back and forth, and lifting his feet up like the ground was hot. Nice also admits that Chasse was "manic" and very "agitated." Nice's and Humphreys' *law enforcement training on mental illness,* its symptoms, and how you should interact with someone who you suspect or know is mentally ill is relevant to how they should have interacted with Chasse. This is especially true since one of the factors a jury is to take into account in determining whether reasonable or excessive for was used is whether a person is emotionally disturbed. *See* Endnote # 3. The Exhibit is highly relevant on the issue of whether Nice and Humphreys acted reasonably (Claims One and Two), whether they acted with deliberate indifference (Claim Four), and on the issue of punitive damages against them. It is not incomplete. |
| 224 | PPB training materials - "CIT Training – The Mental Status Exam" - Neil Falk, MD - May 9, 2000 (CHASSE1185 06-118508) | *See* defs' objections to Exh 223. | This Exhibit further evidences the training Nice and Humphreys received from the PPB on mental illness. *See* response to defs' objections to Exh 223, including Endnote # 3. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 225 | PPB training materials - "An Overview of Mental Illness" (CHASSE118343-118359) | *See* defs' objections to Exh 223. | *See* response to defs' objections to Exhs 223 and 224, including Endnote # 3. |
| 226 | PPB training materials - "Intervention" (CHASSE118596-118599) | *See* defs' objections to Exh 223. | *See* response to defs' objections to Exhs 223 and 224, including Endnote # 3. |
| 227 | PPB training materials - "Fear" (CHASSE118600-118601) | *See* defs' objections to Exh 223. | *See* response to defs' objections to Exhs 223 and 224, including Endnote # 3. |
| 228 | PPB training materials - "Lesson Plan for the PPB Officer's 2004 In-Service Course Title: CIT/Mental Health Awareness" (CHASSE118671-118713) | *See* defs' objections to Exh 223. | *See* response to defs' objections to Exhs 223 and 224, including Endnote # 3. |
| 229 | Reserved (for possible supplemental Exh) | | |
| 230 | Reserved (for possible supplemental Exh) | | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **231** | Reserved (for possible supplemental Exh) | | |
| **232** | Reserved (for possible supplemental Exh) | | |
| **233** | Reserved (for possible supplemental Exh) | | |
| **234** | Reserved (for possible supplemental Exh) | | |
| **235** | Reserved (for possible supplemental Exh) | | |
| **236** | Reserved (for possible supplemental Exh) | | |
| **237** | Reserved (for possible supplemental Exh) | | |
| **238** | Reserved (for possible supplemental Exh) | | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **239** | Reserved (for possible supplemental Exh) | | |
| **240** | Reserved (for possible supplemental Exh) | | |
| **241** | 2006 PPB Policy and Procedure Directive #1010.20 - "Notification and Reporting" re: use of "reportable physical force" (page 459) | FRE 401, FRE 402, relevance; FRE 403, likely to lead to waste of time, confusion of issues and mislead the jury; not related to any claim or defense of any party, plaintiff has no claim related to report writing | PPB officers receive training and there are policies which they are required to follow regarding report writing, especially with regard to the use of force. This Exhibit, the PPB policy requiring Use of Force Reports to be completed is relevant to the issue of why HUMPHREYS completed such reports. *See* Joint Pretrial Order, ¶ 25, p 13; Endnote # 3. |
| **242** | PPB Tips and Techniques, dated 7/19/04 - "Use of Force Report" (CHASSE1198 87-119892) | *See* defs' objections to Exh 223. | This Exhibit is a training document regarding the PPB Use of Force Report and how to complete such reports. *See* response to defs' objections to Exh 241, including Endnote # 3. |
| **243** | PPB Tips and Techniques, dated 9/20/04 - "Use of Force Report" (CHASSE1198 93) | *See* defs' objections to Exh 223. | This Exhibit is a training document regarding the PPB Use of Force Report requirements. *See* response to defs' objections to Exhs 241 and 242, including Endnote # 3. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **244** | Blank "Use of Force Report" form | *See* defs' objections to Exh 223. | This Exhibit will be used as a demonstrative template for the examination of certain witnesses regarding the PPB Use of Force Report requirements. *See* response to defs' objections to Exhs 241 and 242, including Endnote # 3. |
| **245** | 2006 PPB Policy and Procedure Directive #1010.20 - "Physical Force" (no mention of "severity of crime" factor) (pages 454-458) | FRE 401, FRE 402, irrelevant; FRE 403, likely to confuse the issues and mislead the jury; Def. MIL #7; *see* footnote 1 | The Court has ruled that the claim against Sizer, Potter and the City (under *Monell*) for not having of the "severity of the crime" factor in the PPB foot pursuit and use of force policies is to be tried in the first case. That makes the PPB policies on those matters relevant. *See* Joint Pretrial Order, ¶¶ 26, 27 and 29; Endnote # 3. |
| **246** | PPB Executive Order, dated 3/17/08, to all members from Chief Sizer re: "REVISED DIR 1010.20 Physical Force" (2 pages) | FRE 401, FRE 402, irrelevant; FRE 403, likely to confuse the issues and mislead the jury; Def. MIL #7; *see* footnote 1 | The change in the PPB use of force policy after the death of Chasse to include the "severity of the crime" factor in the PPB foot pursuit and use of force policies is relevant on the claim against Sizer, Potter and the City for not having constitutionally adequate policies at the time Chasse died. That makes the PPB policies on those matters relevant. *See* Joint Pretrial Order, ¶¶ 26, 27 and 29; Endnote # 3. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 247 | 2008 PPB Policy and Procedure Directive #1010.20 - "Physical Force" ("severity of crime" included as factor) (pages 528-529) | *See* defs' objections to Exh 246. | *See* response to defs' objections to Exh 246, including Joint Pretrial Order, ¶¶ 26, 27 and 29; Endnote # 3. |
| 248 | Christopher Humphreys (hereinafter "Humphreys")' training materials, undated - "Police Report Writing" (CHASSE1219 49-121962) | FRE 401, FRE 402, relevance; FRE 403, likely to lead to waste of time, confusion of issues and mislead the jury; not related to any claim or defense of any party, plaintiff has no claim related to report writing | PPB officers receive training and there are policies which they are required to follow regarding report writing, especially with regard to the use of force. This Exhibit contains training relevant to the issue of how HUMPHREYS was supposed to complete such reports. *See* Joint Pretrial Order, ¶ 25, p 13; Endnote # 3. |
| 249 | PPB Employee Training Report for Humphreys (CHASSE1058 47-105850) | No objection | |
| 250 | "Criminal Justice Code of Ethics," dated 4/1/96, signed by Humphreys (Chasse Pltf 01779) | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **251** | PPB Employee Training Report for Nice (CHASSE10581-105857) | No objection | |
| **252** | Report by Vincent J.M. Di Maio, M.D. | (it is unknown whether defendants object) | This Exhibit represents Defs' discovery response regarding one of their experts. The Exhibit may be used during cross-examination of some of Defs' witnesses. |
| **253** | Report by Tom S. Neuman, M.D. | (it is unknown whether defendants object) | *See* response to Defs' objections, if any, to Exh 252. |
| **254** | Reserved (for possible supplemental Exh) | | |
| **255** | Unit History for 764A (patrol car for PPB Officer Stephen Gandy) on 8/26/06 (CHASSE147065-147069) re: contact with Chasse | FRE 401, 402, relevance; FRE 403, likely to confuse issues and mislead the jury; Officer Gandy's contact with decedent Chasse is unrelated to any claim or defense of any party | PPB Officer Gandy had contact with Chasse about three weeks prior to his death. Presumably, Gandy either received Chasse's name from him or from Chasse's Oregon ID card, which he also had on him on 9/17/06. The contact was unremarkable since Gandy made no notes and did not write a police report. |
| **256** | PPB Officer Jason Worthington's Special Report, dated 10/6/06, re: interaction with Chasse on 9/15/06 (CHASSE101349) | FRE 401 and 402, relevance; FRE 403, cumulative; FRE 801 and 802, inadmissible hearsay; Officer Worthington will testify in person | It is relevant and not cumulative. As a public report, it is admissible as an exception to the hearsay rule under FRE 808(8). |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 257 | Project Respond Ela Howard's report, dated 9/15/06, re: interaction with Chasse on 9/15/06 (Chasse Pltf 01120-01121) | FRE 106, remainder; FRE 401 and 402, relevance; FRE 403, likely to lead to waste of time, confusion of issues and mislead the jury | It is relevant "as is." |
| 258 | Response to Pls' Request for Production of Documents Regarding Vincent J.M. Di Maio, M.D. | (it is unknown whether defendants object) | This Exhibit represents Defs' discovery response regarding one of their experts. The Exhibit may be used during cross-examination of some of Defs' witnesses. |
| 259 | Response to Pls' Request for Production of Documents Regarding Ira D. Glick, M.D. | (it is unknown whether defendants object) | *See* response to Defs' objections, if any, to Exh 258. |
| 260 | Response to Pls' Request for Production of Documents Regarding W. Ken Katsaris | (it is unknown whether defendants object) | *See* response to Defs' objections, if any, to Exh 258. |
| 261 | Response to Pls' Request for Production of Documents Regarding Tom S. Neuman, M.D. | (it is unknown whether defendants object) | *See* response to Defs' objections, if any, to Exh 258. |

STEENSON SCHUMANN TEWKSBURY CREIGHTON and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **262** | Photograph of Chasse (as infant with mom and dad) | FRE 401, 402, relevance; FRE 403, more prejudicial than probative, likely to confuse the issues and mislead the jury; the photo is irrelevant and intended to instill unfairly prejudicial sympathy in the jury (see Ninth Circuit Model Jury Instruction 1.1A) | Evidence of Chasse's life and the life-long loving relationship he had with his parents is highly relevant to the issue of damages. This is particularly true since defendants' expert, psychiatrist Ira Glick, views Chasse's life as being "miserable," essentially not worth living, and as a result his parents really lost little or nothing. The Exhibit is offered to prove plaintiffs' damages; it is not "intended to instill unfairly prejudicial sympathy in the jury" as defendants spuriously allege. It is relevant and should be admitted. *See* response to defs' objections to Exh 3, including Endnotes # 1 and # 2. |
| **263** | Photograph of Chasse (as infant with dad) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262. |
| **264** | Photograph of Chasse (almost 2 years old with mom) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |
| **265** | Photograph of Chasse (child portrait) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |
| **266** | Photograph of Chasse (riding horse) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |
| **267** | Photograph of Chasse (at brother's 1 year old birthday party) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |
| **268** | Photograph of Chasse (portrait with brother) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **269** | Photograph of Chasse (on bicycle with training wheels) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |
| **270** | Photograph of Chasse (with brother and family dog) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |
| **271** | Photograph of Chasse (when 7 years old, standing with mom and brother in front yard of home) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |
| **272** | Photograph of Chasse (when 7 years old with mom and brother on merry go round) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |
| **273** | Photograph of Chasse (playing with brother in snow) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |
| **274** | Photograph of Chasse (standing with brother on family vacation at Glacier National Park) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |
| **275** | Photograph of Chasse (with adding machine) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **276** | Photograph of Chasse (sitting) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |
| **277** | Photograph of Chasse (making cookies with brother) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |
| **278** | Test scores for Chasse, dated 1975 | FRE 401, 402, relevance; FRE 403, more prejudicial than probative, likely to confuse the issues and mislead the jury; objection to admissibility based on plaintiffs' failure to provide a copy of same to defense counsel. Defense Request for Production No. 1 sought "all ... records of James Chasse, Jr.'s education since 6[th] grade." Pls. objected as not reasonably calculated to lead to the discovery of admissible evidence; The record here is irrelevant and intended to instill unfairly prejudicial sympathy in the jury (see Ninth Circuit Model Jury Instruction 1.1A). | Defendants fail to include the full text of plaintiffs' discovery response regarding this Exhibit. The full text included: "Notwithstanding these objections and subject to them, plaintiffs will produce all non-privileged documents responsive to this request to the extent they are within plaintiffs' possession, custody or control." And, in fact, the Exhibit was produced in discovery with a bates number of Chasse Pltf 00004, and made Exhibit No. 388 to the deposition of Plaintiff Linda Gerber. The Exhibit is offered to prove plaintiffs' damages; it is not "intended to instill unfairly prejudicial sympathy in the jury" as defendants spuriously allege. *See* response to defs' objections to Exh 3, including Endnotes # 1 and # 2. The Exhibit is relevant and should be admitted. |
| **279** | Photograph of Chasse (doing homework) | Same objection as Exh 262. | *See* response to defs' objections to Exh 262 |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **280** | Photograph of Chasse (standing on ferry with dad during family vacation in Seattle) | FRE 401, 402, relevance; FRE 403, more prejudicial than probative, likely to confuse the issues and mislead the jury; objection to admissibility based on plaintiffs' failure to provide a copy of same to defense counsel. Defense Request for Production No. 1 sought "Color copies of all photographs taken of James Chasse, Jr. in the last 15 years." Pls. response, served July 23, 2007, objected as reasonably calculated to lead to the discovery of admissible evidence. Pls. never produced any such photographs to Defs. The photo is irrelevant and intended to instill unfairly prejudicial sympathy in the jury (see Ninth Circuit Model Jury Instruction 1.1A). | Defendants again fail to include the full text of plaintiffs' discovery response regarding this Exhibit. The full text included: "Notwithstanding these objections and subject to them and to the extent they are within plaintiffs' possession, custody or control, plaintiffs will make documents they reasonably believe are responsive available for inspection in their attorneys' office at a mutually convenient time." That discovery response was accompanied by an e-mail dated July 20, 2007, from plaintiffs' counsel inviting defendants to review the discovery plaintiffs were willing to let them inspect and copy. *See* attached Exhibit A. Despite plaintiffs' willingness to allow inspection and copying of the requested discovery, defendants never made any attempt to do so. The Exhibit is offered to prove plaintiffs' damages; it is not "intended to instill unfairly prejudicial sympathy in the jury" as defendants spuriously allege. *See* response to defs' objections to Exh 3, including Endnotes # 1 and # 2. The Exhibit is relevant and should be admitted. |
| **281** | Photograph of Chasse (family portrait) | Same objection as Exh 280. | *See* response to defs' objections to Exh 280. |
| **282** | Photograph of Chasse | Same objection as Exh 280. | *See* response to defs' objections to Exh 280. |
| **283** | Photograph of Chasse (talking with dad) | Same objection as Exh 280. | *See* response to defs' objections to Exh 280. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **284** | Photograph of Chasse | Same objection as Exh 280. | *See* response to defs' objections to Exh 280 |
| **285** | Reserved (for possible supplemental Exh) | | |
| **286** | Reserved (for possible supplemental Exh) | | |
| **287** | Reserved (for possible supplemental Exh) | | |
| **288** | Photograph of Chasse (at family gathering in about 1999 with brother, brother's wife, mom, and others) | Same objection as Exh 280. | *See* response to defs' objections to Exh 280. |
| **289** | Photograph of Chasse (at Christmas gathering in 1999 with dad, step mom Pamela, brother, brother's wife, and others) | Same objection as Exh 280. | *See* response to defs' objections to Exh 280. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **290** | Letter from mom to Chasse, dated 11/27/00 (found in Chasse's possessions in his apartment after his death) | FRE 401, 402, relevance; FRE 403, more prejudicial than probative, likely to confuse the issues and mislead the jury; objection to admissibility based on plaintiffs' failure to provide a copy of same to defense counsel. Defense Request for Production No. 18 sought "A copy of all documents evidencing the society, companionship and service James Chasse, Jr. provided to Linda Gerber." Pls. response, served July 23, 2007, objected "it seeks inadmissible evidence and/or information which is not reasonably calculated to lead to the discovery of admissible evidence." Pls. never produced any such documents to Defs. The letter is irrelevant and intended to instill unfairly prejudicial sympathy in the jury (see Ninth Circuit Model Jury Instruction 1.1A). | Defendants again fail to include the full text of plaintiffs' discovery response regarding this Exhibit. The full text included: "Notwithstanding these objections and subject to them and to the extent they are within plaintiffs' possession, custody or control, plaintiffs will make documents they reasonably believe are responsive available for inspection in their attorneys' office at a mutually convenient time." That discovery response was accompanied by an e-mail dated July 20, 2007, from plaintiffs' counsel inviting defendants to review the discovery plaintiffs were willing to let them inspect and copy. Despite plaintiffs' willingness to allow inspection and copying of the requested discovery, defendants never made any attempt to do so. The Exhibit is offered to prove plaintiffs' damages; it is not "intended to instill unfairly prejudicial sympathy in the jury" as defendants spuriously allege. *See* response to defs' objections to Exh 3, including Endnotes # 1 and # 2. The Exhibit is relevant and should be admitted. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **291** | Photograph of Chasse (at brother's house for family gathering, looking at "Best Word Book Ever" with 2 year old niece) | Same objection as Exh 280, 290, 294. | *See* responses to defs' objections to Exhs 280, 290 and 294. |
| **292** | Photograph of Chasse (at dad's and step mom's house at family gathering) | Same objection as Exh 280, 290, 294. | *See* responses to defs' objections to Exhs 280, 290 and 294. |
| **293** | Photograph of Chasse (at brother's house in for family gathering, sitting next to mom, and waiting to start dinner with brother's family and others) | Same objection as Exh 280, 290, 294. | *See* responses to defs' objections to Exhs 280, 290 and 294. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 294 | Envelope, dated 12/18/02, containing Christmas card from dad and step mom (found in Chasse's possessions in his apartment after his death) | FRE 401, 402, relevance; FRE 403, more prejudicial than probative, likely to confuse the issues and mislead the jury; objection to admissibility based on plaintiffs' failure to provide a copy of same to defense counsel.  Defense Request for Production No. 17 sought "A copy of all documents evidencing the society, companionship and service James Chasse, Jr. provided to James Chasse, Sr."  Pls. response, served July 23, 2007, objected "it seeks inadmissible evidence and/or information which is not reasonably calculated to lead to the discovery of admissible evidence." Pls. never produced any such documents to Defs. The card is irrelevant and intended to instill unfairly prejudicial sympathy in the jury (see Ninth Circuit Model Jury Instruction 1.1A). | Defendants again fail to include the full text of plaintiffs' discovery response regarding this Exhibit.  The full text included: "Notwithstanding these objections and subject to them and to the extent they are within plaintiffs' possession, custody or control, plaintiffs will make documents they reasonably believe are responsive available for inspection in their attorneys' office at a mutually convenient time."  That discovery response was accompanied by an e-mail dated July 20, 2007, from plaintiffs' counsel inviting defendants to review the discovery plaintiffs were willing to let them inspect and copy.  Despite plaintiffs' willingness to allow inspection and copying of the requested discovery, defendants never made any attempt to do so. The Exhibit is offered to prove plaintiffs' damages; it is not "intended to instill unfairly prejudicial sympathy in the jury" as defendants spuriously allege.  *See* response to defs' objections to Exh 3, including Endnotes # 1 and # 2.  The Exhibit is relevant and should be admitted. |
| 295 | Photograph of Chasse (with mom at her apartment on 11/27/03 at Thanksgiving) | Same objection as Exh 280. | *See* response to defs' objections to Exh 280. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and  ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **296** | Reserved (for possible supplemental Exh) | | |
| **297** | Reserved (for possible supplemental Exh) | | |
| **298** | Envelope, dated 12/2/03, containing Christmas card from Chasse to mom | Same objection as Exh 290. | *See* response to defs' objections to Exh 290. |
| **299** | Envelope from Ruth Wiland to Chasse, dated 12/6/03 (found in Chasse's possessions in his apartment after his death) | Same objection as Exh 290; same objection as Exh 294; the letter is irrelevant and intended to instill unfairly prejudicial sympathy in the jury (see Ninth Circuit Model Jury Instruction 1.1A). Pls' do not list Ruth Wiland as a witness in their witness statements so any testimony about this exhibit is necessarily inadmissible hearsay. | *See* response to defs' objections to Exhs 290 and 294. The envelope is not offered for the truth of any matters asserted but to show that Chasse kept certain things. The Exhibit is offered to prove plaintiffs' damages; it is not "intended to instill unfairly prejudicial sympathy in the jury" as defendants spuriously allege. *See* response to defs' objections to Exh 3, including Endnotes # 1 and # 2. The Exhibit is relevant and should be admitted |
| **300** | Envelope, dated 4/7/04, containing Easter card from mom to Chasse (found in Chasse's possessions in his apartment after his death) | Same objection as Exh 290. | *See* response to defs' objections to Exh 290. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **301** | Envelope, dated 5/4/04, containing letter from mom to Chasse regarding his 40th birthday (found in Chasse's possessions in his apartment after his death) | Same objection as Exh 290. | *See* response to defs' objections to Exh 290. |
| **302** | Envelope from dad to Chasse, dated 5/4/04 (found in Chasse's possessions in his apartment after his death) | Same objection as Exh 294. | *See* response to defs' objections to Exh 294. |
| **303** | Envelope, dated 12/8/04, containing Christmas card from Chasse to mom | Same objection as Exh 290. | *See* response to defs' objections to Exh 290. |
| **304** | Halloween card from mom to Chasse, undated | Same objection as Exh 290. | *See* response to defs' objections to Exh 290. |
| **305** | Envelope from Ruth Wiland to Chasse, dated 12/9/05 (found in Chasse's possessions in his apartment after his death) | Same objection as Exh 299. | *See* response to defs' objections to Exh 299. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **306** | Photo of Chasse (with dogs at brother's house in 2004 or 2005) | Same objection as Exh 280. | *See* response to defs' objections to Exh 280. |
| **307** | Photo of Chasse (sitting with dad and step mom at dining room table after dinner at family gathering) | Same objections as Exhs 280, 290 and 294. | *See* responses to defs' objections to Exhs 280, 290 and 294.. |
| **308** | Photo of Chasse | Same objection as Exh 280. | *See* response to defs' objections to Exh 280. |
| **309** | Photo of Chasse (with mom at pizza parlor near her apartment) | Same objection as Exhs 280 and 290. | *See* responses to defs' objections to Exhs 280 and 290. |
| **310** | Photo of Chasse (with mom at pizza parlor near her apartment) | Same objection as Exhs 280 and 290. | *See* responses to defs' objections to Exhs 280 and 290. |
| **311** | Photo of Chasse (with mom and brother at pizza parlor near her apartment) | Same objection as Exhs 280 and 290. | *See* responses to defs' objections to Exhs 280 and 290. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **312** | Postcard card from mom to Chasse, dated 11/2/05 (from Hawaii on her vacation) (found in Chasse's possessions in his apartment after his death) | Same objection as Exh 290. | *See* response to defs' objections to Exh 290. |
| **313** | St. Patrick's Day card from mom to Chasse, undated (found in Chasse's possessions in his apartment after his death) | Same objection as Exh 290. | *See* response to defs' objections to Exh 290. |
| **314** | Note left by dad for Chasse at the front desk of the Swindell Apartments, undated (found in Chasse's possessions in his apartment after his death) | Same objection as Exh 294. | *See* response to defs' objections to Exh 294. |
| **315** | Chasse's Death Certificate | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **316** | Photograph of Chasse's burial marker | FRE 401, 402, FRE 403; not relevant to any disputed issue; unreasonably likely to inflame emotions and passions of the jury | It is relevant to the emotional stress and anxiety suffered by Chasse's mother and father connected with his burial as well as their visits to the place he is buried.  *See* response to defs' objections to Exh 3, including Endnotes # 1 and # 2.  The Exhibit is relevant and should be admitted.  The Exhibit is not "unreasonably likely to inflame emotions and passions of the jury" as defendants allege. |
| **317** | Photograph of Chasse's burial marker (closeup) | FRE 401, 402, FRE 403; not relevant to any disputed issue; unreasonably likely to inflame emotions and passions of the jury | *See* response to defs' objections to Exh 316. |
| **318** | Book - compilation of photographs, cards and miscellaneous items (Pls' Exhs 262-317, above) | Same objection as Exhs 280, 290 and 294. | *See* responses to defs' objections to Exhs 280, 290 and 294. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 319 | 2 bins full of Chasse's collection of comic books and other books, magazines and items (found in Chasse's possessions in his apartment after his death) | FRE 401, 402, relevance; FRE 403, more prejudicial than probative, likely to confuse the issues and mislead the jury; FRE 801 and 802, inadmissible hearsay; objection to admissibility based on plaintiffs' failure to provide a copy of same to defense counsel. Plaintiff did not provide copies of, or any specific information concerning proposed Exhibit 319 to Defs. counsel; Defs' RFP #9 sought "A copy of all documents that show the assets and liabilities of James Chasse, Jr.'s estate including, but not limited to ... " Pls. responded on served July 23, 2007, that they objected to RFP #9 "on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and that it seeks inadmissible evidence and/or information which is not reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs also object to this request as requiring | Defendants again fail to include the full text of plaintiffs' discovery response regarding this Exhibit. The full text included a more specific request for financial documents: "including, but not limited to, all bank records, stocks, bonds or other securities; itemization of cash on hand; cash surrender value of insurance; accounts receivable; notes receivable; real estate; automobiles; furniture/fixtures/equipment; partnership income; annuities and pensions; loans on insurance; notes payable; mortgages; accounts payable; accrued taxes (including real estate taxes); and judgment(s) for or against James Chasse Jr. for the years 1997 through 2006." Plaintiffs do not believe that Chasse's collection of comic books and other books, magazines and items are covered by the request, or any other request but those to which plaintiffs' counsel offered to allow defendants to inspect the discovery in plaintiffs' office. Again, no such request was ever made. The Exhibit is offered to prove plaintiffs' damages, particularly Chasse's habits; it is not "intended to instill unfairly prejudicial sympathy in the jury" as defendants spuriously allege. *See* response to defs' objections to Exh 3, including Endnotes # 1 and # 2. The Exhibit is relevant and should be admitted. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| | | (objections cont.) the production of documents protected by the attorney client privilege and/or work product doctrine. Notwithstanding these objections and subject to them, plaintiffs will produce all non-privileged documents responsive to the request to extent they are within plaintiffs' possession, custody or control." Pls. never produced any of the proposed contents of Exhibit 319 to defendants in response to this or any other request or obligation to which it was responsive. Moreover, the collection is irrelevant and intended to instill unfairly and intended to instill unfairly prejudicial sympathy in the jury (see Ninth Circuit Model Jury Instruction 1.1A). | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **320** | Photograph of 2 bins full of Chasse's collection of comic books and other books, magazines and items (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **321** | 2 boxes full of Chasse's books, comic books and items (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **322** | Photograph of 2 boxes full of Chasse's books, comic books and items (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **323** | Photograph of stack of books from 2 bins full of Chasse's collection of comic books and other books, magazines and items (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **324** | Photograph of stack of books, comic books and other items from 2 boxes full of Chasse's collection of comic books and books (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |

STEENSON SCHUMANN TEWKSBURY CREIGHTON and ROSE, PC 815 SW 2nd Ave #500 Portland, OR 97204 Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 325 | Photograph of stack of comic books and a few other magazines from 2 bins full of Chasse's collection of comic books and other books, magazines and items (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| 326 | Reserved (for possible supplemental Exh) | | |
| 327 | Photograph of cover of "Through the Looking-Glass and What Alice Found There" (book found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **328** | Photograph of cover of "Alice in Wonderland" (book found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **329** | Photograph of cover of "Ozma of Oz - Ozma of Oz Tell More about Dorothy and the Scarecrow and the Tin Woodman" (book found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **330** | Photograph of cover of "Ozma of Oz" (book found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **331** | Photograph of cover of "The Silver Age of Comic Book Art" (book found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **332** | Photograph of cover of plastic bag - "Comic Defense" label (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **333** | Reserved (for possible supplemental Exh) | | |
| **334** | Chasse's comic book collection index (14 pages) (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |

STEENSON SCHUMANN TEWKSBURY CREIGHTON and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 335 | Comic book - "Justice League of America" (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| 336 | Comic book - "Justice Society of America" (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| 337 | Comic book - "Superman" (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| 338 | Comic book - "Superman From the 30's to the 70's" (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| 339 | Comic book - "Iron Man" (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **340** | Comic book - "The New Wonder Woman" (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **341** | "The Encyclopedia of Tarot" (book found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **342** | "Edgar Cayce on Religion and Psychic Experience" (book found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **343** | "The Green Berets" (book found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **344** | "Gospel Principles" (book found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **345** | Chasse's "Holy Bible" | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **346** | Photograph found in Chasse's possessions in his apartment after his death - "The Rosary - Roses of Prayer for the Queen of Heaven" | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **347** | Photograph found in Chasse's possessions in his apartment after his death - "'Pray the Rosary Daily fo World Peace'" | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **348** | Photograph found in Chasse's possessions in his apartment after his death - "Miniature Stories of the Saints - Book Two" | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **349** | Photograph found in Chasse's possessions in his apartment after his death - "How to Pray the Rosary" | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **350** | Photograph found in Chasse's possessions in his apartment after his death - "St. Dominic" | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **351** | Photograph of "St. Lucy" medallion (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| **352** | Photograph of "Cracker Jacks - Toy Surprise" package (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 353 | Chasse's comic strip, dated 2006 - "The Spectre" (found in Chasse's possessions in his apartment after his death) (10 pages) | Same objection as exhibit 319. | *See* response to defs' objections to Exh 319. |
| 354 | Reserved (for possible supplemental Exh) | | |
| 355 | Envelope labeled "Jerome's Rosary for James" (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 319; FRE 610 ("Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced.") | *See* response to defs' objections to Exh 319.  Religion was important to Chasse and his family and a part of the meaningful life he enjoyed.  The Exhibit is not offered for the purpose under FRE 610 to which Defs object. |
| 356 | List of addresses and phone numbers kept by Chasse (found in Chasse's possessions in his apartment after his death) | Same objection as exhibit 299; the list is irrelevant and intended to instill unfairly prejudicial sympathy in the jury (see Ninth Circuit Model Jury Instruction 1.1A). | *See* response to defs' objections to Exh 299. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **357** | Cross and necklace given to mom by Chasse | Same objection as exhibit 290; FRE 610 ("Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced.") | *See* response to defs' objections to Exh 290. Religion was important to Chasse and his family and a part of the meaningful life he enjoyed. The Exhibit is not offered for the purpose under FRE 610 to which Defs object. |
| **358** | Photograph of cross and necklace given to mom by Chasse | Same objection as exhibit 290. | *See* response to defs' objections to Exh 290. |
| **359** | Photograph of CD cover - "Airs & Duets" - given to mom by Chasse | Same objection as exhibit 290. | *See* response to defs' objections to Exh 290. |
| **360** | Photograph of CD cover - "The Beach Boys Today" - given to mom by Chasse | Same objection as exhibit 290. | *See* response to defs' objections to Exh 290. |
| **361** | Photograph of CD cover - "The Very Best of Chicago" - given to mom by Chasse | Same objection as exhibit 290. | *See* response to defs' objections to Exh 290. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **362** | Photograph of CD cover - "Tchaikovsky - The Sleeping Beauty" - given to mom by Chasse | Same objection as exhibit 290. | *See* response to defs' objections to Exh 290. |
| **363** | Cross given to dad by Chasse | Same objection as exhibit 294; FRE 610 ("Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced."). | *See* response to defs' objections to Exh 294. Religion was important to Chasse and his family and a part of the meaningful life he enjoyed. The Exhibit is not offered for the purpose under FRE 610 to which Defs object. |
| **364** | Photograph of cross given to dad by Chasse | Same objection as exhibit 294; FRE 610 ("Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced."). | *See* responses to defs' objections to Exhs 294 and 363. |

STEENSON SCHUMANN TEWKSBURY CREIGHTON and ROSE, PC 815 SW 2nd Ave #500 Portland, OR 97204 Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 365 | Photograph of Holy Bible given to brother by Chasse | FRE 401, 402, relevance; FRE 403, more prejudicial than probative, likely to confuse the issues and mislead the jury; objection to admissibility based on plaintiffs' failure to provide a copy of same to defense counsel. Defense Request for Production No. 19 sought "A copy of all documents evidencing the society, companionship and service James Chasse, Jr. provided to Mark Chasse." Pls. response, served July 23, 2007, objected "it seeks inadmissible evidence and/or information which is not reasonably calculated to lead to the discovery of admissible evidence." Pls. never produced any such documents to Defs. The gift is irrelevant and intended to instill unfairly prejudicial sympathy in the jury (see Ninth Circuit Model Jury Instruction 1.1A). | Defendants again fail to include the full text of plaintiffs' discovery response regarding this Exhibit. The full text included: "Notwithstanding these objections and subject to them and to the extent they are within plaintiffs' possession, custody or control, plaintiffs will make documents they reasonably believe are responsive available for inspection in their attorneys' office at a mutually convenient time." Despite plaintiffs' willingness to allow inspection and copying of the requested discovery, defendants never made any attempt to do so. The Exhibit is offered to prove plaintiffs' damages; it is not "intended to instill unfairly prejudicial sympathy in the jury" as defendants spuriously allege. *See* response to defs' objections to Exh 3, including Endnotes # 1 and # 2. The Exhibit is relevant and should be admitted. |
| 366 | Receipts for some of Chasse's Purchases – 2004 - 2006 | No objection | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **367** | Reserved (for possible supplemental Exh) | | |
| **368** | Reserved (for possible supplemental Exh) | | |
| **369** | Reserved (for possible supplemental Exh) | | |
| **370** | Reserved (for possible supplemental Exh) | | |
| **371** | Reserved (for possible supplemental Exh) | | |
| **372** | Reserved (for possible supplemental Exh) | | |
| **373** | Reserved (for possible supplemental Exh) | | |
| **374** | Chasse's Mental Health Services Records - 1983-2006 | No objection | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **375** | Summary of Chasse's Mental Health History (demonstrative - to be finalized after pre-trial motions are decided) | Objection to admissibility based on plaintiffs' failure to provide a copy of same to defense. | The Exhibit will be provided after pre-trial motions are decided. |
| **376** | Reserved (for possible supplemental Exh) | | |
| **377** | Reserved (for possible supplemental Exh) | | |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and   ROSE,   PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **378** | Summary - Weight History for James P. Chasse, Jr. – 1994 - 2006 (with attachments: The Ryles Center for Evaluation and Treatment - Physical Examination, dated 6/21/94 [Chasse Pltf 02659-02660] - Weight: 148 lbs; Oregon Identification Card, dated 6/13/95 [Chasse Pltf 02279] - Weight: 135 lbs; Oregon Health Sciences University - Progress Record, dated 6/27/97 [Chasse Pltf 03022] - Weight: 165 lbs). | No objection | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 379 | Medical Orders & Medication Transactions for Chasse, from 8/16/94 - 9/1/06 [Chasse Pltf 02413-02428]) | No objection | |
| 380 | PMC Hi-School Pharmacy Record of Prescriptions for Chasse, from 12/31/03 - 9/1/06 (Chasse Pltf 01314-01321) | No objection | |
| 381 | Excerpts from Helen M. Swindell's Apartments records for Chasse (Chasse Pltf 02137, 02190) | FRE 106, remainder; FRE 401, 402, 403, irrelevant and likely to lead to confusion of the issues, misleads the jury.  This exhibit is incomplete - Defs. Exhibit 663 contains all of the documents maintained by the Swindells Apartments regarding decedent Chasse's residence there, and contains the pages in Pls. Exhibit 381. | Defendants seek to admit *all* of the apartment records for Chasse. Presumably, they believe them to be relevant.  There is no need to admit more of the records than in the Exhibit as compiled. |
| 382a | Photograph of Chasse's Apartment, taken after Chasse's death | No objection | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **382 b** | Photograph of Chasse's Apartment, taken after Chasse's death | No objection | |
| **382c** | Photograph of Chasse's Apartment, taken after Chasse's death | No objection | |
| **382 d** | Photograph of Chasse's Apartment, taken after Chasse's death | No objection | |
| **382e** | Photograph of Chasse's Apartment, taken after Chasse's death | No objection | |
| **383** | CT Scans disk created by Dr. Gerald Warnock on 11/26/06 | No objection | |

PLAINTIFFS' AMENDED EXHIBIT LIST

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 384 | Rescue Randy (official manikin of the Firefighter Combat Challenge, manuf. by Mass Group, Inc.) (for demonstrative purposes) | FRE 401, 402, 403, this exhibit is not helpful to the jury, and is likely to lead to confusion of the issues, waste of time, and misleads the jury. Judge Hubel ruled during Officer Humphreys' 01/02/2008 video-recorded deposition that Officer Humphreys was not required to manipulate Pls. doll in response to questions or instructions by Pls. Counsel. (see Depo of Humphreys, Vol. I, at 224/20 - 234/24.) Further hearing was held in the courtroom on that same date, and Judge ruled consistently (see docket no. 221). Pls. should be prohibited from asking any witness to juggle Pls. passive doll in order to replicate events and circumstances in the events at issue, because it cannot be accurately done. | For demonstrative purposes, nothing prohibits a proper demonstration at the time of trial. It is anticipated that any such demonstration will take place with plaintiffs' investigator, Mike Miller, demonstrating the use of the handcuffs, hobble, leg irons and spit sock which were put on Chasse. |
| 385 | Human skeleton (for demonstrative purposes) | No objection | |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **386a** | Medical illustration/animation of some of Chasse's external injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition)[1] | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |
| **386 b** | Medical illustration/animation of some of Chasse's external injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |
| **386c** | Medical illustration/animation of some of Chasse's external injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |

[1]Defs are scheduled to take the deposition of Dr. Ronald O'Halloran, pls' forensic pathologist, on April 1, 2010.  Pls expect to have the medical illustrations/animations completed and provided to the Court and defs' counsel the following week.

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 386d | Medical illustration/animation of some of Chasse's external injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |
| 386e | Medical illustration/animation of some of Chasse's external injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |
| 387a | Medical illustration/animation of some of Chasse's internal injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **387 b** | Medical illustration/animation of some of Chasse's internal injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |
| **387c** | Medical illustration/animation of some of Chasse's internal injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |
| **387 d** | Medical illustration/animation of some of Chasse's internal injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **387e** | Medical illustration/ani mation of some of Chasse's internal injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |
| **388a** | Medical illustration/ani mation of mechanism of Chasse's injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |
| **388 b** | Medical illustration/ani mation of mechanism of Chasse's injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| 388c | Medical illustration/animation of mechanism of Chasse's injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |
| 388d | Medical illustration/animation of mechanism of Chasse's injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |
| 388e | Medical illustration/animation of mechanism of Chasse's injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **388f** | Medical illustration/animation of mechanism of Chasse's injuries (to be provided after completion of Dr. Ronald O'Halloran's deposition) | Objections reserved. | By agreement of the parties, medical exhibits are to be exchanged by 5/11/10. |

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **389** | Dr. Bowen S. Parsons' Medical Records for Linda Gerber | FRE 404, improper character evidence; FRE 602, lack of personal knowledge; FRE 801 and 802, hearsay, FRE 806, attacking and supporting credibility. At page 03011 of Pls' Exhibit 389, Dr. Parsons' chart notes say "He was beaten to death by 3 police officers." To the extent that Dr. Parsons' notes purport to state facts about the events at issue, about which Dr. Parsons lacks personal knowledge, such statements of fact should be excluded from evidence; moreover, such statements to the effect that Chasse suffered a "violent death," and describing Gerber's "hopes" for the police department are simply designed to bolster the credibility of Gerber's testimony and should be excluded. | Dr. Parsons has treated Linda Gerber for many years, including after her son's death. The statements to which defendants object are simply statements made by Gerber during the course of and for the purpose of receiving treatment from Dr. Parsons. Such statements are admissible as exceptions to the hearsay rule under FRE 808(3) (then existing mental, emotional or medical condition) and 808(4) (statements for purposes of medical diagnosis or treatment). |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| **390** | *Portland Tribune* article, dated 10/31/06 - "Force, by numbers" | FRE 401, 402, 403, not relevant to any claim or defense of any party, more prejudicial than probative, likely to lead to confusion of the issues, waste of time and mislead the jury; FRE 801 and 802, inadmissible hearsay; FRE 701, 702, inadmissible lay and/or expert opinion.  See Pls' MIL #5, Defs. MIL #1, Defs MIL #31.  Pls. counsel represented to the court at the 12/09/2009 hearing that Officer Humphreys' prior uses of force was not at issue in first trial (see docket no. 799 at 17/19 - 19/18); Pls' witness list includes Ian Demsky, "former Portland Tribune reporter," the anticipated proponent of this exhibit - Pls. did not identify Demsky as an expert witness under FRE 702, and Demsky lacks scientific, technical or other specialized knowledge related to the exhibit to sufficiently qualify as an expert, or to make such testimony helpful to a clear understanding of his testimony or the determination of a fact in issues pursuant to FRE | Plaintiffs intend to present evidence demonstrating that Humphreys unreasonably and deliberately used force more frequently and more severely than was necessary to do his job during the time period including and leading up to Chasse's death. Demsky, using elementary arithmetic, simply examined the PPB's use of force database which was released to the public following Chasse's death. The exhibit and/or his testimony simply provides evidences of Humphreys' use of force compared to other officers.  Such evidence is relevant on the issue of whether his use of force on Chasse was unreasonable and/or deliberately indifferent.  It is also relevant on the issue of punitive damages against him since he does not claim, particularly since HUMPHREYS does not claim to have intentionally reduced the frequency or the severity of the force he uses. Plaintiffs' counsel *did not* represent that Humphreys' use of force history had no relevancy.  *See* Joint Pretrial Order, ¶ 25, p 13; Endnote # 4. |

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

| Pls' Exhs | Description | Defs' Objections | Pls' Responses |
|---|---|---|---|
| | | (objections cont.) 701. | |
| **391** | Disk with PPB's Use of Force database, publicly released in 10/06 | *See* defs' objections to Exh 390. | *See* response to defs' objections to Exh 390. |

**Endnote # 1:** Pls' Requested Jury Instruction No. 26 (Compensation for Death – Noneconomic Compensation) provides:

Noneconomic compensation is for subjective, nonmonetary losses. The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic compensation, but the law requires that they be reasonable. You must apply your own considered judgment to determine the amount of noneconomic compensation.

In determining the amount of noneconomic compensation to be given as a result of someone's death, if any, consider each of the following types of harm:

1.    Any disability, pain, and suffering sustained by the decedent during the period between the decedent's injury and the decedent's death.

2.    The loss by decedent of the enjoyment of his life.

3.    Any loss of society, companionship, and the services of the decedent sustained by the decedent's parents. In determining this loss, you may consider:

(a)    Any love, affection, guidance, moral training, and education the decedent might reasonably have been expected to provide had the decedent lived;

(b)The decedent's age, ability, life expectancy, health, habits, industry, sobriety, and thrift; and

(c)    The age, health, and life expectancy of the decedent's

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR  97204
Tel: (503) 221-1792

parents.

The instruction is taken from Oregon Uniform Civil Jury Instruction No. 71.01 and clearly makes the manner in which James P. Chasse, Jr., was living his life before his death relevant on the issue of damages.  More specifically, as set out in the instruction, evidence of his "ability, life expectancy, health, habits, industry, sobriety and thrift" is to be considered by the jury in determining the compensation to be given to the Estate of James P. Chasse, Jr.  Exhibits and witness testimony which demonstrate how he lived his life, *i.e.*, evidencing the places he shopped and frequented, the church he regularly attended, and the public library he regularly visited, are highly relevant and critical for plaintiffs' proof of damages.

**Endnote # 2:**  As noted in Endnote # 1, above, defendants have not objected to Plaintiffs' Requested Jury Instruction No. 26: Compensation for Death – Noneconomic, which in part instructs the jury to compensate the Estate of James P. Chasse, Jr., for: "2. Any loss of society, companionship, and the services of the decedent sustained by the decedent's parents.  In determining this loss, you may consider: (a) Any love, affection, guidance, moral training, and education the decedent might reasonably have been expected to provide had the decedent lived; (b) The decedent's age, ability, life expectancy, health, habits, industry, sobriety, and thrift; * * * ."

In addition, defendants' expert psychiatrist, Dr. Ira Glick, is basing his opinions, in part, on his view that Chasse's "family didn't want to see him," Chasse's ability to function was "lower than the average guy on the street who can panhandle some money," the family didn't want him "coming to family events," and Chasse had been living a "miserable" life since the

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

onset of his schizophrenia as a teenager.[2]  Evidence that Chasse was functioning, did have a

meaningful life, and did have important relationships with his parents, will counter Dr. Glick's

view of the evidence and his opinions that, in essence, Chasse's life wasn't worth living and his

parents lost nothing when their son was killed, making such evidence highly relevant on the issue

of damages.

        **Endnote # 3:**  At least in this Circuit, the policies of the City are relevant to the

consideration of the reasonableness of the seizure of Chasse by Humphreys and Nice.  *See*

*Tennessee v. Garner*,  471 US 1, 18-19 (1985) ("In evaluating the reasonableness of police

procedures under the Fourth Amendment, we have also looked to prevailing rules in individual

jurisdictions." *Id.*, at 15-6); *Drummond v. City of Anaheim*, 343 F3d 1052, 1059 (9th Cir 2003)

("Although such training materials are not dispositive, we may certainly consider a police

department's own guidelines when evaluating whether a particular use of force is constitutionally

unreasonable."), *citing Gutierrez v. City of San Antonio,* 139 F.3d 441, 449 (5th Cir 1998) ("[I]t

may be difficult to conclude that the officers acted reasonably if they performed an action that

had been banned by their department or of whose dangers in these circumstances they had been

warned."); *Foster v. City of Oakland*, 2009 U.S. Dist. LEXIS 117240, at 35 (ND Cal Dec 14,

2009) ("Where a police department has articulated an institutional policy pertaining to a practice,

such policy is a factor in determining both whether the officer acted reasonably and whether he

was on notice that actions transgressing the policy violated an established right."); *see also Scott*

---

        [2]The quotes are taken from Dr. Ira Glick's deposition testimony.  Defs contend his view
of Chasse's life is so important, and serves as a foundation for his opinions, that they made them
part of the public record in opposing Pls' Motions *in Limine.  See* Exh 5, attached to Declaration
of James R. Lynch Re: Pls' Motions in Limine.

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE,    PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

*v. Henrich,* 39 F3d 912, 916 (9th Cir 1994) ("Thus, if a police department limits the use of chokeholds to protect suspects from being fatally injured, . . . such regulations are germane to the reasonableness inquiry in an excessive force claim.") (internal citations omitted); *Headwaters Forest Defense v. County of Humboldt*, 276 F3d 1125, 1131 (9th Cir 2002).[3]

Similarly, by demonstrating how the City's policies are interpreted and applied, not in the abstract but to real life situations on the street, the findings and opinions of the PPB Training Division (*see* Plaintiffs' Exhibit 41), Assistant Police Chief Lynnae Berg (*see* Plaintiffs' Exhibit 42), Police Chief Rosanne Sizer and City Commissioner (in charge of the PPB) Dan Saltzman (*see* Plaintiffs' Exhibits 43-46), as well as the statements by City Commissioner Randy Leonard (*see* Plaintiffs' Exhibits 47a - 47d) , are all further evidence of what the City's policies actually are.  As such, they are evidence, and they are relevant to, although, again, by no means dispositive of, the determination of whether or not the conduct of Humphreys and Nice was *reasonable.  See* Memorandum in Opposition to Defendants' First Supplemental Motion *in Limine*.

**Endnote # 4:**  Contrary to defendants' assertion, plaintiffs' counsel *did not* represent at the hearing on December 9, 2009, that Humphreys' use of force history had no relevancy on the claims against him.  *See* Joint Pretrial Order, ¶ 25, p 13.

Defendants misrepresent the holdings of the only two cases they cite in their motion *in limine* addressing HUMPHREYS' use of force history, neither of which case bears particularly on the relevancy of such evidence in general.  *Carter v. District of Columbia*, 795 F2d 116 (DC

---

[3]All of the policies in question have, at least in part, the purpose of protecting the individual against whom the defendants' actions were directed.  *Scott v. Henrich*, 39 F3d at 915-16.

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

Cir 1986), holds only that, in the circumstances presented in that case, the prejudicial effect of

the evidence outweighed its probative value, and should have been excluded under Rule 403.

However, the court's opinion is premised on the conclusion that the evidence was indeed

relevant and could have been presented to the jury in a permissible, less inflammatory form, by

way of summaries rather than by reading the raw texts of newspaper articles and complaints

against the defendant officers.

Similarly, the holding in *Berkovich v. Hicks*, 922 F2d 1018 (2nd Cir 1991), was far

narrower than is suggested by defendants.  The court in *Berkovich*, a case involving the

admissibility of seven specific citizen complaints against the defendant, first held that any error

in restricting discovery of the material in the complaints was harmless. As to the admissibility of

the material that plaintiff did have, the court determined that none of the bases of relevancy

asserted by plaintiff was convincing, given the particular grounds asserted (propensity, pattern,

motive).  *Id.* at 1022-3.  The court concluded that the court "did not abuse its discretion in

finding that the slight probative value of this evidence – as to a theory of motive, pattern or other

less plausible theories of relevance – was substantially outweighed by its potential for unfair

prejudice."

In determining whether evidence of other wrongful acts is admissible under the Fed. R.

Evid. 404(b) exceptions, the court should apply a four factor test that was articulated in *United*

*States v. Bailleaux*, 685 F2d 1105, 1110 (9th Cir 1982), and modified in *United States v. Miller*,

874 F2d 1255, 1268 (9th Cir 1989):

> "(1) there must be sufficient proof for the jury to find that the defendant
> committed the other act; (2) the other act must not be too remote in time; (3) the
> other act must be introduced to prove a material issue in the case; and (4) the other

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

act must, in some cases, be similar to the offense charged."

*Duran v. City of Maywood*, 221 F3d 1127, 1132-33 (9th Cir 2000) (footnotes omitted); *see Wilson v. Maricopa County*, 2007 US Dist LEXIS 15451 at 7 (D Ariz 2007); *United States v. Bibo-Rodriguez*, 922 F2d 1398, 1400 (9th Cir 1991). The Ninth Circuit has held that "other acts" in Rule 404(b) includes both prior *and* subsequent acts. *Bibo-Rodriguez*, 922 F2d at 1400. Moreover, the Ninth Circuit has not identified a particular number of years beyond which past incidents become too remote, and has recognized the legitimate admission of events more than 12 years old. *See United States v. Vo*, 413 F3d 1010, 1018-19 (9th Cir 2005); *United States v. Johnson*, 132 F3d 1279, 1283 (9th Cir 1997). Of course, even if all four conditions are met, the evidence may still be excluded if, under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

Applying the above test, since the evidence of Humphreys' other uses of force come from his own reports, there is ample proof that Humphreys committed the acts, which are certainly not too remote in time, and, as uses of force, are sufficiently similar to the instant case for the purposes of relevancy on the issues of frequency and severity. As to the issues sought to be proved, as has been discussed, the evidence is relevant to show that Humphreys' violent encounter with Chasse was not merely an accident, and that Humphreys was not merely caught up in circumstances beyond his control. Humphreys' unnecessary use of force in this case was inflicted on Chasse by design, as an incident of how Humphreys performs his job as a police officer. It is also relevant to establish the requisite mental state for a determination of the propriety of punitive damages against Humphreys. *See Smith v. Wade*, 461 US 30, 56 (1983).

**Endnote # 5:** There is extensive evidence that plaintiffs will present at trial proving that

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

Nice and Humphreys falsely accused Chasse of having drugs on him and fabricated (a) the existence of cocaine, knowing it was bread crumbs from a sandwich or piece of bread Chasse was eating (as claimed by Humphreys but denied by Burton), (b) the existence of a "drug bindle" (as claimed by Nice and denied by Burton) that was found on Chasse or in his backpack, and (c) that Chasse had 14 prior cocaine convictions and was found with a "drug vial" (as told by PPB Officer Weldon to eyewitness Doolan after Weldon spoke with either Nice or Humphreys). The particular exhibit at issue is an evidence envelope created by Humphreys and supposedly containing the alleged cocaine (which was actually bread crumbs) that Humphreys *claimed* to have found where Chasse was standing on the sidewalk between NW 14th and NW 13th on NW Everett. It is highly relevant on the issue of whether Humphreys and Nice was trying to misdirect the AMR paramedics into thinking Chasse was just another homeless "druggie" rather that a confused man suffering from extreme traumatic injuries, and not needing – or deserving – life-saving medical treatment and transport to a hospital from NW 13th. Such evidence is also relevant to the issue of the officers' deliberate indifference to plaintiffs' rights and to punitive damages.

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,  PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792

# APPENDIX A

## Defendants' Footnotes

**Footnote 1.**    The test for excessive force under the Fourth Amendment is whether the force used was objectively reasonable under the totality of the circumstances at the moment the force was used. *Graham v. Connor*, U.S. 386, 396 (1989). The Fourth Amendment "objective reasonableness" standard does not incorporate "controlling policies or procedures" pr departmental regulations because §1983 claims examine whether there was a violation of the federal constitution. *Thompson v. City of Chicago,* 472 F.3d 444,455 (7th Cir. 2006). Accordingly, this Court should exclude testimony from any witness in regards to the officers' conduct as it related to the policies and procedures of the Portland Police Bureau. Such testimony will not assist the trier of fact in its determination of the reasonableness of the officers' actions as it relates to a violation of the federal constitution brought under §1983 claim. Instead, such testimony is likely to lead to confusion of the issues, mislead the jury and waste time, and should be excluded under FRE 403.

**Footnote 2.**    Plaintiffs do not have a "failure to train" claim at issue. Even if they did, "...In resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the talks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. *See Springfield v. Kibbe,* 480 U.S., at 821, 105 S. Ct., at 2435 (opinion of REHNQUIST, J.) It may be, for example, that an otherwise sound program has occasionally been negligently administered. Neither will it suffice to prove that an injury or accident could have been avoided if

STEENSON
SCHUMANN
TEWKSBURY
CREIGHTON
and ROSE, PC
815 SW 2nd Ave #500
Portland, OR 97204
Tel: (503) 221-1792

an officer had better or more training, sufficient to equip him to avoid the particular injury causing conduct." *City of Canton, Ohio v. Harris*, 289 US 378, 390-391, 109 SCt 1197, 1206 (1989).

S T E E N S O N
S C H U M A N N
T E W K S B U R Y
C R E I G H T O N
and  ROSE,    PC
815 SW 2nd Ave #500
Portland,  OR  97204
Tel:  (503)  221-1792